## PAUL GARZA v. THE STATE.

No. 13670. Delivered November 19, 1930.
Rehearing Granted April 6, 1932.

The opinion states the case.

*R. G. Hughes,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year and six months in the penitentiary.

We find in the record three bills of exception. Bill No. 1 presents the appellant's exception to the refusal of the trial court to quash the indictment because, as set out at length, he insists that the special judge who presided at the term at which the indictment was returned, was not legally elected, and was therefore not qualified. We have examined the bill and also the testimony adduced upon the hearing of the motion to quash, and are of opinion that the action of the trial court in declining the motion was correct. The fact that it took the vote of the county judge and the district attorney who were disqualified by reason of holding other offices probably, from themselves being selected to act as said special judge, to make up the majority of the votes cast for the special judge at the election ordered because of the illness of the regular judge at the opening of the term, would not furnish ground for claiming that said special judge was not elected by a majority of the attorneys present at the opening of court.

Bill No. 2 presents appellant's objection to the testimony of the officer who searched appellant's premises and found thereon intoxicating liquor. It seems to be claimed that the affidavit for the search warrant in this case did not sufficiently state that appellant's residence was a place where intoxicating liquor was being sold and manufactured. As we understand it, the affidavit directly alleges that said dwelling was a place where whisky, wine, beer, etc., "are illegally possessed, sold and manufactured in said private dwelling, in violation of the law"; hence there is no merit in the contention.

The third bill was to the introduction of the testimony of the searching officers because of supposed defects in the affidavit for the search warrant. Appellant asserts that the description of the premises is too uncertain and indefinite. The affidavit describes the premises as a certain private dwelling occupied and controlled by Paul Garza as his residence, located on lots 7, 8, 9, 10, 11 and 12, Block G, Sinaloa Addition to the town of Sonora, Texas. We think this is a sufficient description.

It is next complained that the search warrant itself is uncertain and

indefinite in its attempted description of the article or thing for which search was to be made. The search warrant commanded search of the premises described for intoxicating liquor and instrumentalities as described in the affidavit. We think this a sufficient command of the search warrant. It is also asserted that the affidavit shows on its face to be based on information and belief. We find in the affidavit, and stated as a part thereof, that one of the affiants says he personally saw a man leaving appellant's house with beer which he claimed to have purchased therein. We think the affidavit not open to this objection. The facts in evidence appear to be sufficient to justify the verdict. We have examined the brief and the authorities on file for the appellant, but do not find ourselves able to agree with the contentions made.

No errors appearing, the judgment will be affirmed.

*Affirmed.*

Hawkins, J., absent.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The admissibility of the testimony of the searching officers is challenged upon the ground that the affidavit under which the search warrant was obtained did not show probable cause for the search. The part of the affidavit deemed necessary to the decision of the question is as follows:

"We, J. L. Cook and J. K. Lancaster, each, do solemnly swear that we have reason to believe and do believe, there is on this date a certain private dwelling occupied and controlled by Paul Garza as his residence; that said dwelling is located, Lots 7, 8, 9, 10, 11 & 12, Block G, Sinaloa Addn. to town of Sonora, Texas, in the County of Sutton and State of Texas, and that whisky, wine, beer, mash, the same being intoxicating liquors, are illegally possessed, sold and manufactured in said private dwelling, in violation of the law, by Paul Garza. * * * *This affidavit is based upon the following facts, circumstances and information, to-wit:*

"J. L. Cook says he personally saw a man leave the house aforementioned with some beer he claimed to have purchased therein."

The gravamen of the attack is the contention that the magistrate was not authorized to issue the search warrant for the reason that the affidavit did not identify the date or time of the discovery of the unlawful conduct of the accused.

The affidavit for a search warrant on probable cause, based on information and belief, should in some manner, by averment of date or otherwise, show that the event or circumstance constituting probable cause occurred at a time not so remote from the date of the affidavit as to render it improbable that the alleged violation of law authorizing the search was extant at the time the application for the search warrant was made.

The necessity for data in the affidavit for a search warrant showing that the claimed probable cause is not based upon an incident remote in point of time is illustrated in a concrete manner by many cases. See People v. Chippewa Circuit Judge, 226 Mich., 326, 197 N. W., 539, in which it was said: "The right to issue a search warrant rests upon facts existing at the time the showing is made for the warrant. This is made clear by the Constitution and every statutory provision with reference to search warrants." See, also, People v. Mushlock, 226 Mich., 600, 198 N. W., 203.

The point is also illustrated by the Court of Appeals of Kentucky, in the case of Commonwealth v. Dincler, 201 Ky., 129, 255 S. W., 1042, from which we quote the affidavit for the search warrant and the comment of the court thereon as follows:

" 'United States of America.

" 'Affidavit for Search Warrant.

" 'Eastern District of Kentucky, at Frankfort.

" 'Be it remembered, that on this day, before me, the undersigned, a United States Commissioner, for the Eastern district of Kentucky, at Frankfort, came Jno. D. W. Collins, a federal prohibition agent, who, being by me duly sworn, deposes and says that the laws of the United States, namely, the National Prohibition Act, section 3 and title 2, Revised Statutes, are being violated by reason of the facts, to-wit: He has bought intoxicating liquor at grocery Mechanic and Upper streets, N. E. corner, being the premises of J. W. Ballard, alias B. F. Dincler, and being situated in the city of Lexington and state of Kentucky and within the district above named.

" 'John D. W. Collins.' "

"It will be observed that the affidavit does not show when the liquors were sold or possessed at the place of Dincler, but merely that the witness had purchased intoxicants at that place. * * * So far as the affidavit shows, the sale of liquor to which the affidavit refers was made in that house at a time when it was lawful to sell liquor, or at least more than one year next before the finding of the indictment. Being defective in this respect, the affidavit was not sufficient to support the search warrant, and the search warrant issued thereon was invalid."

In the case of Abraham v. Commonwealth, 202 Ky., 491, 260 S. W., 18, 19, the affidavit was based upon the averment that the affiant had smelled the odors of intoxicating liquors and mash coming from the premises of the accused. The court held that the averment in the affidavit was sufficient to show probable cause, but the affidavit was defective in failing to identify the time at which the odor was observed. In reversing the case, the court, among other things, said: "The warrant in that case issued on March 28, 1923, and the affiant stated that he smelled the odors to which he swore on that same day. If therefore the affidavit in

this case had stated the time when the affiant smelled the odors issuing from defendant's premises, as was done in that case, the objection to it, now under consideration, should be overruled. However, it will be observed that the affidavit in this case gave no date as to when the affiant obtained his information through his sense of smell, and for aught that appears he may have smelled the odor to which he swore at any time in the distant past, even antedating the present prohibition laws, both national and state."

In the case of Rupinski v. United States (C. C. A.), 4 F. (2d) 17, an affidavit based upon an event two months past was held insufficient to support the search warrant.

In the case of Dandrea v. United States (C. C. A.), 7 F. (2d) 861, 864, it was held that the lapse of forty-two days between the date of the occurrence and the making of the affidavit vitiated the warrant. From the opinion the following quotation is taken: "A search warrant must issue, if at all, upon an existing cause. A search warrant is no general arm for ferreting out crime, but a special proceeding, based on present cause, hedged by strict constitutional provisions, must be speedily executed, and cannot be issued on a showing of facts existing over 60 days before, and not in any way brought down to the date the warrant is issued."

The foregoing are but concrete examples of the application of a principle and practice recognized and applied by courts and text-writers as may be demonstrated by an examination of the subject as treated in the following authorities: Cooley's Const. Limitations (8th Ed.), vol. 1, p. 618; Cornelius on Search & Seizure (2nd Ed.), p. 247. See, also, Byars v. United States, 273 U. S., 28, 47 S. Ct., 248, 71 L. Ed., 520; Veeder v. United States (C. C. A.), 252 F., 414; Chapin v. State, 107 Texas Crim. Rep., 477, 296 S. W., 1095; Carroll v. United States, 267 U. S., 132, 45 S. Ct., 280, 69 L. Ed., 543, 39 A. L. R., 790; Cornelius on Search & Seizure (1st Ed.), sec. 83, p. 249; also, Id. (2nd Ed.), secs. 175, 176, and 186.

In the cases which have come under consideration by this court recognition has often been found of the principle announced, namely, that it must appear from the affidavit that the act or event upon which probable cause was based occurred anterior to the making of the affidavit and within a reasonable time antecedent thereto. Not heretofore has there occurred an instance in which a transgression of the principle has been pointedly shown.

The probable cause in the present case is the statement of one of the makers of the affidavit for the search warrant that he personally saw a man leaving the house of the appellant with some beer which he claimed to have purchased therein. Nothing in the statement conveys any definite idea as to when the incident he describes took place. As stated in some

of the cases from which quotation is made above, so far as information comes from the affidavit, what Mr. Cook observed may have been at some remote date preceding the making of the affidavit. As stated above, the right to issue the warrant rests upon facts existing at the time the showing is made for the warrant. The right to issue a search warrant is dependent upon the statement under oath in the application making clear the right to issue the warrant. Such affidavit, as measured by the requirements of the Constitution, is inadequate if it fails to disclose facts which would enable the magistrate to ascertain from the affidavit that the event upon which the probable cause was founded was not so remote as to render it ineffective.

The inadequacy of the affidavit to support the search warrant rendered the evidence obtained through the search illegal, and therefore inadmissible by reason of article 727a, C. C. P., 1925.

For the reasons stated, we are constrained to grant the motion for rehearing, to order that the affirmance be set aside, and to direct that the judgment be reversed and the cause remanded.

*Reversed and remanded.*