ALONZO ODOM v. THE STATE.

No. 14994. Delivered June 8, 1932.
Reported in 50 S. W. (2d) 1103.

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE. — The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for four years.

Officers searched appellant's private residence and found therein approximately one-half gallon of whisky. A witness for the state testified that two or three days before the search he saw appellant sell one George Bland a pint of whisky. Appellant did not testify in his own behalf.

The admissibility of the testimony of the searching officers was challenged on the ground that the affidavit upon which the search warrant

was obtained did not show probable cause for the search. The part of the affidavit deemed necessary to the decision of the questions is as follows: "Before me, the undersigned authority, on this day personally appeared H. D. Search and G. W. Bland, who, after being by me duly sworn on oath, deposes and says that they have reason to believe and do believe that within a certain house a private residence, located in Cherokee County, Texas, and particularly described as follows: * * * there is located certain property which is being used as a means of violating the intoxicating liquor laws of the State of Texas, being property and implements described as follows to-wit: intoxicating liquor. That the particular grounds for the aforesaid belief of affiants are as follows: *The affiants named above purchased one pint of liquor or whisky from the said Alonzo Odom, out of the above described building.*

The specific objection was that the magistrate was not authorized to issue the warrant for the reason the affidavit did not identify the date or time of the discovery of the unlawful conduct of the accused.

It does not appear from the affidavit for the search warrant that the act or event upon which probable cause was based occurred within a reasonable time antecedent thereto. Garza v. State, 120 Texas Crim. Rep., 147, 48 S. W. (2d) 625. The affidavit in the present case is similar to that condemned in Garza's case. Its inadequacy to support the search warrant rendered the evidence obtained through the search illegal and therefore inadmissible by reason of Article 727a, C. C. P., as amended by Acts 41st Leg. (1929), 2nd Called Session, chap. 45, sec. 1 (Vernon's Ann. C. C. P., art. 727a).

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.