Alton Seamore VAUGHN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43119.

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Rehearing Denied Dec. 9, 1970.

———◆———

W. C. Wiebusch, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Markowitz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for unlawfully carrying a pistol; the punishment was assessed at a fine of $150.00.

The record reveals that appellant was stopped at 6:30 in the morning for the traffic violation of making an illegal left turn. The arresting officer discovered that there was an outstanding arrest warrant for the appellant and took appellant to a police sub-station in Houston. There he was ordered to place his pickup truck on the parking lot and lock it. Appellant was then booked.

The arresting officer left the station and returned to his patrol duties. Sometime thereafter the officer returned to the station, got the key to appellant's truck, and proceeded to the parking lot. He unlocked the pickup, took a tool box and spare tire from the back and placed them inside. In order to make room inside the cab, the officer raised a baby seat, and when he did he saw the pistol in question.

In his only point of error the appellant contends that the search was not contemporaneous with the arrest, and that since no warrant was obtained to search the pickup, the search was illegal and therefore the pistol was not admissible into evidence. Appellant relies upon Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777. There a search of an automobile was made for evidence some two to three hours after the arrest.

In the case before us the only issue is whether there was in fact a search of appellant's pickup. "A search implies an examination of one's premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecution of a criminal action. The term implies exploratory investigation or quest." Haerr v. United States, 240 F.2d 533 (5th Cir. 1957). See also Marshall v. United States, 422 F.2d 185 (5th Cir. 1970).

The officer testified that he became apprehensive that he would be in trouble if appellant's personal belongings were left in the back of the pickup, because it was his duty to protect the property. It cannot be concluded from the evidence that the officer was there to investigate or search for evidence to convict appellant for the traffic violation or the charge for which the warrant was issued.

We hold that there was no search, and Preston v. United States, supra, is not applicable.

The pistol was admissible under the holding of the United States Supreme Court in Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067. There the officer went to the parking lot to lock the car in which Harris was arrested and saw incriminating evidence in open view. There the Court stated: "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence."

There being no error, the judgment is affirmed.