Charlie Wayne **NICOL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43982.

Court of Criminal Appeals of Texas.

Sept. 23, 1971.

John E. Dorris, Carsner, Carsner & Bissett by Gerald T. Bissett, Victoria, for appellant.

Robert J. Seerden, Dist. Atty., Victoria, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: marihuana. The punishment was assessed by a jury at 15 years.

The record reflects that on March 12, 1970, an informant notified Victoria police that he had seen appellant and Bruce Leger "possess what he was told—marihuana." The informant further stated the marihuana was wrapped in "red cellophane packages, the approximate size of a brick, and that between 5:00 P.M. and 5:30 P.M. appellant and Leger would be repacking and dispersing the marihuana at an apartment.

Victoria police officers acquired a search warrant on the basis of such information, and thereafter accosted appellant and Leger outside the described apartment. They both read the warrant, while two officers went to the apartment manager and obtained a key to open the apartment. No consent was given to the search. The officers proceeded to search the apartment and found three red packages of what was later identified as marihuana inside of a fan outlet on the wall. Both men were then placed under arrest.

**894**

Appellant attacks the sufficiency of the search warrant on the ground that the affidavit does not reflect adequate probable cause and sufficient "underlying circumstances" to satisfy the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. In determining the sufficiency of the aforementioned affidavit, we are bound by the four corners of that document. Gaston v. State, Tex.Cr. App., 440 S.W.2d 297 (Onion, J., concurring), cert. denied, 396 U.S. 969, 90 S.Ct. 452, 24 L.Ed.2d 435.

The affidavit, omitting the formal parts, reads:

"I, CARL BELLIS, do solemnly swear that heretofore, on or about the 12th, day of MARCH, 1970, in Victoria County, Texas, that at apt. B, located on the ground floor of 1704 N. Azalea Street, being a light yellow four apartment building, being rented by BRUCE LEGER is being used for the unlawful possession and use of narcotics and dangerous drugs: to wit-marijuana. That between 5:00 PM March 12, 1970, and 5:30 PM, March 12, 1970, these drugs and narcotics are to be picked up and dispersed. Also that known narcotic users will be present in the apartment (Apt. B) for the purpose of packaging the said narcotics and drugs which are concealed in Apt. B.

My belief of the foregoing is based upon the following facts:

That I, Carl Bellis, having received reliable information from a confidential informant whose information has aided in the arrest of narcotic users in the past, received information at 3:45 PM, March 12, 1970, that the informant had seen BRUCE LEGER, tenant of Apartment B, 1704 N. Azalea Street, and CHARLES NICOL, possess what he was told marijuana. Informant stated that the marijuana is wrapped in red cellophane packages, the approximate size of a brick.

During the hours of 5:00 PM and 5:30 PM, March 12, 1970, BRUCE LEGER and CHARLES NICOL are to take these packages of marijuana and package them in smaller amounts and disperse them."

We first note that the top portion of the affidavit does not mention the appellant, nor is he mentioned in the search warrant itself. This portion reflects only that drugs and narcotics are going to be dispersed within a certain time frame and that an apartment being rented by Bruce Leger is being used for the unlawful possession and use of drugs. This information reflects no probable cause. It is conclusionary and unsupported by sufficient facts to satisfy the test of Aguilar, supra.

Secondly, the lower portion (all after "My belief of the foregoing * * *) of the affidavit which reflects the "underlying circumstances" is also deficient. While a search warrant may be properly issued on the basis of "hearsay information," a substantial basis for crediting the hearsay must be presented. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

In the instant case, the language in the lower portion of the affidavit reflects hearsay on hearsay, the affiant having been told by the informant that appellant possessed what he (the informant) was told was marihuana. While the informant had seen appellant in possession of certain packages, which the informant had been told contained marihuana, the affidavit shows neither that the informant possessed personal knowledge of the contents of these packages nor that the informant's source was reliable.

The test in Aguilar, supra, requires more. It requires that if the informer came by his information indirectly, the affidavit should explain why his sources were reliable. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. Moreover, in Spinelli the court stated that:

"In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation."

■ The affidavit in the instant case supplies neither sufficient information as to the reliability of the informer's source nor sufficient description of the appellant's activities to satisfy these requirements. We conclude the affidavit to be insufficient. Spinelli v. United States, supra; Aguilar v. Texas, supra; Kemp v. State, Tex.Cr.App., 464 S.W.2d 141; Ruiz v. State, Tex.Cr.App., 457 S.W.2d 894; Powers v. State, Tex.Cr.App., 456 S.W.2d 97.

We do not interpret the recent Supreme Court case of United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), to detract from the standard of Aguilar, supra. In Harris, supra, the affiant received his information from a first time informant who gave a sworn statement of personal information, including the fact that he had purchased illicit whiskey over a period of more than two years. Unlike the case at bar, the information therein was replete with specific underlying circumstances.[1]

For the reason stated, the judgment is reversed and the cause remanded.

1. The court pointed out: "The accusation by the informant was plainly a declaration against interest since it could readily warrant a prosecution and could sustain a conviction against the informant himself."