John Demontford CUMMINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44764.

Court of Criminal Appeals of Texas.

April 5, 1972.

Jones, Blakeslee, Minton, Burton & Fitzgerald by John L. Foster, Austin, for appellant.

Robert O. Smith, Dist. Atty., H. Kelly Ireland and Michael J. McCormick, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana with punishment assessed at five years probated. The trial was before the court upon a plea of not guilty.

The appellant's sole contention is that the court erred in overruling his motion to suppress evidence seized under a search warrant based upon an affidavit[1] which

---

[1]. The pertinent portion of the affidavit reads:

"1. There is in Austin, Travis County, Texas a suspected place described and located as follows: a one story residence constructed of greenish grey asbestos shingles with a white roof at 1808 West 29th Street. All vehicles on and adjacent to said premises, premises and all out buildings.

"2. Said suspected place is in charge of and controlled by each of the following named parties (hereinafter called 'suspected party' whether one or more), to-wit: John Cummins, w/m approximately 23, another subject named David, last name unknown approximately five-foot nine inches tall, medium long dark hair, approx. 22 yrs. of age, all others names and descriptions unknown.

"3. It is the belief of affiants, and they hereby charge and accuse that said suspected party has possession of and is concealing at said suspected place the following described personal property, to-wit: Marijuana and Cocaine.

"4. Affiants have probable cause for said belief by reason of the following facts, to-wit: affiant received information from a credible and reliable informant that he had seen a large quantity of Marijuana and Cocaine in the above described residence on the 25th of July, 1970. I can not disclose the name and identity of this informant but he has previously given me information concerning narcotics which proved to be true and resulted in arrests and convictions. On the basis of this information I have conducted surveillance of the above described residence and observed several persons known to me as users and sellers of narcotics frequenting the above described residence during the past 24 hours."

was insufficient in that it did not allege that the described marihuana was being possessed *contrary to law.*

Trial was based upon written stipulations which recite that if the arresting officers were present in court, they would testify they went to the premises located at 1808 West 29th Street in Austin, on July 27, 1970, armed with a search warrant authorizing the search of such premises; that upon entry of the premises, the officers found appellant asleep in a room where a vial and a baggie containing a substance officers believed to be marihuana were found in the top drawer of a dresser and that the officers found approximately one pound of a substance they believed to be marihuana in a foot locker next to the bed where appellant was lying. The stipulations further recite if Chemist Beardsley was present in court, he would testify that an analysis of the substance found by the officers showed the same to be marihuana.

Section 16, of Article 725b, Vernon's Ann.P.C., provides: "Whenever any officers * * * shall have reason to believe that any person has in his possession any narcotic drugs contrary to the provisions hereof, he may file, or cause to be filed his sworn complaint to such effect before any magistrate of the county in which any such narcotic drugs are located and procure a search warrant * * * *."

Section 1(14), of Article 725b, V.A.P.C., includes "cannabis" within the definition of "narcotic drugs."

Section 1(13) recites: "The term 'Cannabis' shall include those varieties of Cannabis known as Marihuana * * * *."

Appellant argues that since Article 725b, V.A.P.C., provides for instances wherein it is lawful to possess narcotic drugs, and Sec. 16, of Article 725b, V.A.P.C., in authorizing a search warrant provides " * * shall have reason to believe that any person has in his possession any narcotic drugs *contrary to the provisions hereof,* he may file, or cause to be filed his sworn complaint *to such effect * * * *"* (em-

phasis supplied by appellant), there is no provision for the search and seizure of lawfully possessed drugs. Thus, appellant urges, Section 16, of Article 725b, V.A.P.C., requires the affidavit, upon which a search warrant is based, to allege that the drugs are illegally possessed.

In United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, the United States Supreme Court said:

"If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area."

\*       \*       \*       \*       \*       \*

"Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Jones v. United States, supra, 362 U.S. [257] at 270, 80 S.Ct. [725] at 735 [4 L.Ed.2d 697]."

■     An affidavit for a search warrant must be judged by the facts it contains. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

The affidavit, in the instant case, reflects that the informant had seen a large quantity of marihuana and cocaine in the residence, on July 25, 1970, and further reflects that the affiant had conducted surveillance of the premises in question and observed several persons known to affiant to be users and sellers of narcotics frequent the residence during the 24 hour period. Thus, the affidavit is based upon hearsay of the informant buttressed by assertions within the affiant's knowledge. See Gonzales v. Beto (Acosta v. Beto), 425 F.2d 963 (5th Cir. 1970).

■ Could the magistrate, in the instant case, have interpreted the affidavit to reflect anything other than illegal possession of the marihuana? We think not. The recitations of the affiant that he had the house under surveillance the past 24 hours and that he had observed users and sellers of narcotics frequent the residence would negate legal use to the magistrate. A commonsense and realistic interpretation of the affidavit by the magistrate would dictate that the affiant would not be keeping a place where marihuana is being legally possessed under surveillance for the offense of possession of marihuana. To interpret the affidavit, in question, to reflect anything but the illegal possession of marihuana is to give that hypertechnical interpretation to the affidavit condemned by the Supreme Court, in Ventresca.

Sec. 21, of Article 725b, V.A.P.C., provides:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provisions of this Act (Narcotic drug regulations), it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

■ We can not believe that the Legislature, in writing Art. 725b, V.A.P.C., entitled "Narcotic drug regulations," intended that the drafters of an affidavit for a search warrant, under Sec. 16 of the Act, should be charged with the burden of using greater precision in setting forth a violation of the Act than is required of those who prepare informations and indictments, under Sec. 21 of the Act. To hold otherwise would be to require the drafter of the affidavit for search warrant to negate any exception under the Act while it would not be necessary for one who prepares an information or indictment to discharge such burdens.

Appellant urges Jansson v. State, Tex. Cr.App., 473 S.W.2d 40, in support of his position. In Jansson, this Court held a motion to revoke probation which alleged defendant "has been arrested with narcotics in his possession" was insufficient to charge a violation of the condition of probation not to violate a law. This Court pointed out, in Jansson, that some narcotics may be lawfully possessed if acquired by prescription or other lawful means. In the instant case, the affidavit for the search warrant charges possession of marihuana and recites facts from which a magistrate testing same in a commonsense and realistic fashion could only conclude that the marihuana was possessed in violation of the law.

We reject appellant's contention that the affidavit was insufficient in law to authorize the issuance of a search warrant.

The judgment is affirmed.

Opinion approved by the Court.