**J. D. CHRISTOPHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45576.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Marvin C. Hanz, San Angelo, for appellant.

Frank C. Dickey, Dist. Atty., and Aaron Goldberg, Asst. Dist. Atty., San Angelo

and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Special Commissioner.

The appellant was convicted by a jury of felony theft of certain oil well tools and equipment and his punishment assessed at two (2) years.

■ The order of the trial court approving the record was entered on September 3, 1971. The defendant was represented in the trial court, and is here represented by retained counsel, and no question of indigency is involved. The brief for appellant was filed in the trial court on November 15, 1971, some two months and twelve days after the approval of the record. No extension of time appears in the record. This is too late for it to be considered. Art. 40.09, Sec. 9, Vernon's Ann.C.C.P.; Hollis v. State, Tex.Cr.App., 436 S.W.2d 341.

However, in the interest of justice, we have reviewed and will discuss his contentions relating to claimed illegal search.

The alleged stolen property consisted of oil well equipment, enumerated in the indictment, but in general being wheels, tires, large wrenches and two hammers. It was the State's theory that this property was stolen from two oil well locations in Schleicher County, about one-half mile apart, on the night of May 11, 1970, and that appellant had possession of this property at his residence in Tom Green County when it was seized by peace officers on May 14, 1970.

Appellant made a motion to suppress this evidence, and objected to the admission of the fruits of the search because (1) he says the search had begun illegally before the issuance of the warrant; (2) the warrant was executed by the sheriff of Schleicher County in Tom Green County, Texas, and the return thereon was made

by that sheriff, and (3) because appellant urges that there was not probable cause for the issuance of the search warrant.

(1) The sheriff of Menard County had a warrant for the arrest of one Red Carroll, and had been informed that Carroll was with the appellant. Accompanied by the sheriff of Schleicher County, acting with him he went to the trailer home residence of appellant looking for Carroll. Sheriff Edmiston of Schleicher County testified that while there he observed in plain view without any search, tools corresponding to those which had been reported to him as having been stolen three days before, and mentioned specifically a wrench with the brand of the Tucker Well Service, the owner of the stolen property, which he recognized, after which he went before a justice and obtained a search warrant before making any search or seizing any property. The daughter of appellant testified that one of the officers did, in fact, do some searching before the warrant was obtained. The court resolved this issue of fact in favor of the State.

■ Although in Tom Green County, the Menard sheriff had a right to search for and arrest Carroll at the residence of appellant, and thus he and his fellow sheriff acting with him were lawfully upon the premises. Art. 15.06, V.A.C.C.P.

In Vaughn v. State, Tex.Cr.App., 459 S.W.2d 869, it is stated:

"It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence."

(2) Art. 18.14, V.A.C.C.P., reads as follows:

"Any peace officer to whom a search warrant is delivered shall execute it without delay and forthwith return it to the proper magistrate."

The sheriff of Schleicher County, with the Menard sheriff and a Texas Ranger, immediately executed the warrant, and return was made by the "peace officer to whom it was delivered."

■ Were the facts sworn to by Sheriff Edmiston to obtain this search warrant sufficient to show probable cause?

The affidavit charges appellant with the offense here involved, specifically describes the premises, contains a list of the stolen property and alleges the following facts to be the basis of his belief:

"While looking for a W. L. Carroll to arrest under a warrant, I was advised that he might be with a J. D. Christopher so I went to the Christopher trailer house. When I drove up to the trailer house I saw in plain view some of the tools mentioned above. I could see the mark on them and knew that they were stolen only 3 days ago and that what I saw was only a part of the stolen tools and equipment. There was also a pickup at the trailer house and the pickup's tract looked just like the tract left at the scene of the theft. No one seemed to be at home except a small boy about 10 years of age. I have been in law inforcement investigation for 14 years and I believe that the remaining property is located in several of the buildings around the trailer house and in the trailer house. J. D. Christopher is known to have been in the area where the theft took place about the time of the loss and he is known to deal in used tools and equipment, especially of the type above described."

Here we do not have recital of hearsay information given to the affiant by an unnamed informer or other person, but the factual statement of a trusted public servant under oath that he saw the stolen property in question on the appellant's premises. See Frazier v. State, Tex.Cr.App., 480 S.W.2d 375, quoting with approval from United States v. Bell, 5 Cir., 457 F.2d 1231, in which these words are used:

"Eyewitnesses by definition are not passing along idle rumor, for they either

have been the victims of the crime or have otherwise seen some portion of it. A 'neutral and detached magistrate' could adequately assess the probative value of an eyewitness's information because, if it is reasonable and accepted as true, the magistrate must believe that it is based upon firsthand knowledge."

We hold the affidavit for the search warrant to show probable cause for the issuance of the search warrant.

The judgment is affirmed.

Opinion approved by the Court.