**Lloyd Burtis POWELL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47625.**

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

———◆———

Percy Foreman and Dick DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of heroin. The jury assessed punishment at two years.

Officers found three papers of heroin on the person of appellant.

The sufficiency of the evidence is not challenged.

Appellant's sole contention is that the search warrant through which the evidence was obtained was invalid because the affidavit upon which it was executed was insufficient. He argues that the affidavit did not state probable cause for the issuance of the search warrant because the affiant did not recite the time the informer saw the heroin in the apartment where the appellant was arrested.

In interpreting affidavits for search warrants, magistrates and courts must do so in a common sense and realistic fashion. The drafters are usually non-lawyers and their work is usually done in haste of criminal investigations and "Technical requirements of elaborate specificity once enacted under common law pleadings have no proper place in this area." United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). See Frazier v. State, Tex.Cr.App., 480 S.W.2d 375, and Cummins v. State, Tex.Cr.App., 478 S.W. 2d 452.

The affidavit reads:

"I, B. D. Jackson, do solemnly swear that heretofore, on or about the 10th day of September, A. D. 1971, in the City of Houston, Harris County, Texas, one Nikki Taylor did then and there unlawfully possess and does at this time unlawfully possess a narcotic drug and dangerous drug, to-wit: Heroin in a private residence apartment being described as a two-story building with yellow brick, located at 2214 Cleburne Street, apartment # 3, located upstairs in the building furtherest from the street in the Cleburne Manor Apartments in the City

of Houston, Harris County, Texas which said private residence is possessed, occupied, under the control and charge of Nikki Taylor.

"MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

"On September 10, 1971, affiant talked to an informer who stated that Nikki Taylor lived at 2214 Cleburne Street, in apartment #3, and that she had heroin in her possession for the purpose of sale and use. Informer further stated they were at this location inside the apartment when an unknown Negro male came to this apartment and asked Nikki Taylor for some heroin. Nikki Taylor then went into the back bedroom, returned after a short period of time with a small bundle of small wax paper packages containing a brown powder which she gave to the unknown Negro male, and the Negro male gave her an unknown amount of paper money. Nikki Taylor then told the unknown Negro male, 'If you see anyone else who wants to buy some heroin, send them to me.' The informer also stated that before they left the apartment Nikki Taylor showed the informer several small wax paper packages containing brown powder which Nikki Taylor stated was heroin. Nikkie Taylor then placed these packages in her purse. Nikki Taylor also told the informant, 'If you see anyone who wants to buy some heroin, bring them to me.' Affiant has received information concerning violations by certain individuals on several previous occasions from this informer and on each occasion the information has proven to be true."

Appellant relies on this Court's holdings in Heredia v. State, Tex.Cr.App., 468 S.W.2d 833, and Nicol v. State, Tex.Cr.App., 470 S.W.2d 893. In Heredia, we held the affidavit insufficient because it merely cited that "Information *was* received * * * that Cruz DeLao *was* in fact using and selling * * * and actually *had*

*seen* Heroin addicts * * * surveillance was established * * * and on numerous occasions known Heroin addicts *was* observed * * * mostly between the hours of 6:00 p. m. and 12 midnight each day."

This Court stated that from the above information the magistrate could not ascertain the closeness of time sufficient to issue the warrant based on an independent judgment of probable cause as required by Sgro v. United States, 287 U.S. 206, 53 S. Ct. 138, 77 L.Ed. 260; Odom v. State, 121 Tex.Cr.R. 209, 50 S.W.2d 1103; and Garza v. State, 120 Tex.Cr.R. 147, 48 S.W.2d 625. Also, the jurat was undated, which in itself vitiates the complaint.

Then in Nicol, supra, we held the affidavit insufficient as to probable cause because Nicol was not mentioned in the top portion of the affidavit but only that an apartment being rented by one Bruce Ledger was being used for the unlawful possession and use of drugs. Further, we held the lower portion of the affidavit insufficient because it was based on hearsay information without a showing of a substantial basis for crediting the hearsay.

Both Heredia and Nicol are distinguishable from the present case.

The recitations in the affidavit in the case at bar stated that the informer had actually been inside the apartment where the appellant and others were arrested and that the informer had provided information on several occasions in the past and that on each occasion the information had proven to be true. Thus, the two pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, has been met. Heredia v. State, supra.

The issue thus becomes in this case as in Heredia as to whether or not the time is definite enough to show probable cause for the issuance of the search warrant.

Article 18.01, Vernon's Ann.C.C.P., requires the magistrate to independently judge the affiant's belief that heroin was

being possessed and sold in Nikki Taylor's apartment at 2214 Cleburne Street, that apartment being Number 3.

In Heredia, the only date contained in the affidavit was the date that the alleged offense occurred. There was no mention of the date on which the affiant had talked to his informer nor did the affidavit contain the date or dates that the surveillance was conducted.

In Nicol, the affidavit again mentions the date the apartment was being used for the unlawful possession and use of drugs and a certain time frame in which the drugs would be dispersed. Again, as in Heredia, there was no mention of the date on which the affiant had talked to his informer.

■ The complained of affidavit before us today contains the date of the alleged offense, September 10, 1971, in the top portion as well as the date the affiant spoke to his informer, September 10, 1971, in the lower portion. As stated in the concurring opinion in Gaston v. State, Tex. Cr.App., 440 S.W.2d 297, cert. denied 396 U.S. 969, 90 S.Ct. 452, 24 L.Ed.2d 435, in determining the sufficiency of an affidavit, we are bound by the four corners of that document. Thus, for the affidavit to be sufficient, the affidavit by itself must be able to support the magistrate's independent determination that probable cause does exist to issue a search warrant. It is not an unreasonable deduction for the magistrate to ascertain the closeness of time sufficient to conclude from this affidavit that probable cause did exist since the offense was alleged to have been committed on the same day as the affiant had spoken to his informer.

Further, this case differs from Nicol in that the informer's information was not hearsay based on hearsay. In Nicol, the informer stated that he had seen Bruce Ledger and Charles Nicol possess "what he was told—marihuana." The affidavit did not say who told the informer or that the informer had actually seen the marihuana

but only that he said it was "wrapped in red cellophane packages, the approximate size of a brick." The affidavit in question here recites that "Nikki Taylor *showed* the informer several small wax paper packages containing brown powder which Nikki Taylor stated was heroin." This is not the hearsay on hearsay condemned in Nicol. Here, the informer was personally shown the heroin and told by the person in possession that it was heroin.

We hold that the affidavit in the instant case is sufficient in that it does contain sufficient information to show probable cause for the search warrant to issue.

No reversible error being shown, the judgment is affirmed.

ODOM, Judge (dissenting).

The following proposed opinion was prepared by Commissioner Quentin Keith. I fully agree therewith and would reverse the conviction for the reasons set out. Therefore, I adopt the opinion as my dissent to the affirmance of this cause.

"Appellant and one Earlean Taylor were jointly indicted with the felony offense of possession of heroin. The accusation against his co-defendant was severed and appellant was put to trial first. The jury found him guilty as charged and assessed his punishment at confinement for a period of two years.

"The sufficiency of the evidence is not challenged and appellant comes forward with a single ground contending that the search warrant was invalid because the affidavit upon which it was based 'was insufficient to state probable cause for the issuance of the search warrant.'

"Officer Jackson of the Houston Police Department, armed with a search warrant and accompanied by several other police officers, entered the apartment of Earlean Taylor in the City of Houston. No consent was given the officers to enter the apartment and they entered only after breaking the door open. Upon entry, the

officers found three persons in the apartment: appellant, Miss Taylor, and another male. Miss Taylor had a cigarette case which she attempted to hide behind her back and the officers observed such maneuver. Three small packets of a substance later identified as heroin were found in the case. She then told the officers where other heroin was secreted in the apartment and it was likewise seized.

"Appellant was then asked to produce some written identification; and, when he opened his billfold to comply with the request, Officer Jackson saw three packets therein which were similar in appearance to those just taken from the possession of Miss Taylor. The packets seen in appellant's billfold were seized and appellant placed under arrest. It was shown upon the trial that the three packets found in appellant's possession contained heroin. Appellant's counsel made timely and appropriate objections to the receipt of this evidence; but, in each instance, the objection was overruled. Appellant did not testify.

"We quote the relevant portions of Officer Jackson's affidavit supporting the issuance of the search warrant:

"'On September 10, 1971, affiant talked to an informer who stated that Nikki Taylor lived at 2214 Cleburne Street, in apartment #3, and that she had heroin in her possession for the purpose of sale and use. Informer further stated they were at this location inside the apartment when an unknown Negro male came to this apartment and asked Nikki Taylor for some heroin. Nikki Taylor then went into the back bedroom, returned after a short period of time with a small bundle of small wax paper packages containing a brown powder which she gave to the unknown Negro male, and the Negro male gave her an unknown amount of paper money. Nikki Taylor then told the unknown Negro male, "If you see anyone else who wants to buy some heroin, send them to me." The informer also stated that before they left the apartment Nikki Taylor showed the informer several small wax paper packages containing brown powder which Nikki Taylor stated was heroin. Nikkie Taylor then placed these packages in her purse. Nikki Taylor also told the informant, "If you see anyone who wants to buy some heroin, bring them to me." Affiant has received information concerning violations by certain individuals on several previous occasions from this informer and on each occasion the information has proven to be true.'

"Appellant now places primary reliance upon this Court's opinions in Heredia v. State, 468 S.W.2d 833 (Tex.Cr.App.1971), and Nicol v. State, 470 S.W.2d 893 (Tex. Cr.App.1971).

"A specific date or time is given in only one place in Officer Jackson's affidavit, *he talked with the informer on September 10.* There is no time indicated as to any other bit of information contained therein. For aught that appears, the events could have occurred on September 10, 1971, or at any other date anterior thereto. In order for an affidavit to show adequate probable cause, it must set forth facts which 'must be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at the time.' Heredia v. State, supra (468 S.W.2d at 835); Hall v. State, 171 Tex.Cr.R. 227, 347 S.W. 2d 262. In our case, just as in Garza v. State, 120 Tex.Cr.R. 147, 48 S.W.2d 625, 627 (1932), quoted at length in Heredia, 'Nothing in the statement conveys any definite idea as to when the incident he describes took place.' Under the authorities cited in Heredia, the affidavit in this case was insufficient to warrant the issuance of the search warrant.

"The statement in the affidavit that Nikki Taylor showed the informer several small wax packages containing brown powder 'which Nikki Taylor stated was heroin' is hearsay. This facet of the case is ruled

by Nicol v. State, supra, wherein the Court said:

"'In the instant case, the language in the lower portion of the affidavit reflects hearsay on hearsay, the affiant having been told by the informant that appellant possessed what he (the informant) was told was marihuana. While the informant had seen appellant in possession of certain packages, which the informant had been told contained marihuana, the affidavit shows neither that the informant possessed personal knowledge of the contents of these packages nor that the informant's source was reliable.' (470 S.W.2d at 894).

"We have examined the only authority cited by the State, Christopher v. State, 489 S.W.2d 575, 577 (Tex.Cr.App.1973), and do not find it in point in the case at bar.

"The trial court fell into error in admitting the evidence seized under the invalid search warrant."

I dissent.

ONION, P. J., joins in this dissent.