02-10-154-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 NO.
 02-10-00154-CR
 
 


 

 


 
 
 Gregory Blaine Scheideman
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM County
Criminal Court No. 2 OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

----------

Introduction

          Appellant
Gregory Blaine Scheideman negotiated a plea bargain with the State and pleaded
guilty to driving while intoxicated (DWI) after the trial court denied his
motions to suppress evidence.  Then he appealed, claiming in three points that
the trial court erred by denying his motions to suppress and by not granting
his request to file findings of facts and conclusions of law.  In a separate
order, we sustained the latter point, abated this case, and remanded it to the
trial court to file findings of fact and conclusions of law, which the trial
court has now provided in a supplemental clerk’s record.  After considering Appellant’s
remaining points in light of the complete record, we affirm.

Background
Facts and Procedural History

          University
of North Texas Police Officer S. Williamson stopped Appellant for running a red
light and noticed that Appellant’s breath and person smelled of an alcoholic
beverage, that Appellant’s eyes were bloodshot and watery, and that Appellant’s
speech was slurred.  Appellant admitted that he had had a couple of drinks at a
bar, but he refused to perform field sobriety tests or to submit to a breath
test.  Williamson took Appellant to jail and turned him over to the DWI officer
on duty, Officer C. Bounds.  Williamson and Bounds discussed the facts that had
led Williamson to believe that Appellant had committed DWI, and Bounds included
those facts in an affidavit for a warrant to permit drawing a specimen of
Appellant’s blood for alcohol testing.  Williamson filled out a form DWI
offense report.  Bounds’s affidavit included Williamson’s observation that
Appellant’s speech was slurred, whereas Williamson’s report indicated that
Appellant’s speech was normal.

A
sample of Appellant’s blood was drawn and tested, and Appellant moved to
suppress the results in two motions, alleging that the warrant was not
supported by probable cause and that the statement in the affidavit that
Appellant slurred his speech was false.

          The
trial court denied both motions after a hearing at which only Officer Bounds
testified.  Appellant then negotiated a plea-bargain agreement with the State,
retaining his right to appeal the trial court’s rulings on the motions to
suppress.

Standard
of Review

          We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  We give almost total deference to a trial court’s rulings on
questions of historical fact and application-of-law-to-fact questions that turn
on an evaluation of credibility and demeanor, but we review de novo
application-of-law-to-fact questions that do not turn on credibility and
demeanor.  Amador, 221 S.W.3d at 673; Estrada v. State, 154
S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson v. State, 68 S.W.3d 644,
652–53 (Tex. Crim. App. 2002).

          When
the trial court makes explicit fact findings, as the trial court did in this
case, we determine whether the evidence, when viewed in the light most
favorable to the trial court’s ruling, supports those fact findings.  State
v. Kelly, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006).  We then review
the trial court’s legal ruling de novo unless its explicit fact findings
that are supported by the record are also dispositive of the legal ruling.  Id.
at 818.

Sufficiency
of the Affidavit

          In
his second point, Appellant challenges the sufficiency of the warrant affidavit
to show probable cause, claiming that it does not because even though the
affidavit states that Appellant’s speech was slurred and Officer Bounds
testified that Officer Williamson reported that Appellant slurred his speech,
Officer Williamson’s report, admitted as Defense Exhibit 1, indicates that
Appellant’s speech was “normal.”  Appellant contends that the trial court
should have redacted the reference to slurring in the affidavit and that the redacted
version would be insufficient to show probable cause.

          With
one exception that applies to Appellant’s next point, but not to this one, review
of a trial court’s denial of a suppression motion challenging the sufficiency
of an affidavit to set out probable cause is limited to the four corners of the
affidavit.  Hankins v. State, 132 S.W.3d 380, 388 (Tex. Crim. App.), cert.
denied, 543 U.S. 944 (2004); Jones v. State, 833 S.W.2d 118, 123
(Tex. Crim. App. 1992), cert. denied, 507 U.S. 921 (1993); Nicol v. State,
470 S.W.2d 893, 894 (Tex. Crim. App. 1971); Davis v. State, 144 S.W.3d
192, 201 (Tex. App.—Fort Worth 2004, pet. ref’d).  In other words, unless the
exception applies, we do not stray beyond the four corners of the affidavit.  So,
regardless of what evidence may exist beyond the four corners of the affidavit,
if the affidavit sets out facts that are sufficient to establish probable cause,
the affidavit is sufficient to support issuance of a warrant.

          The
affidavit in this case stated that Appellant ran a red light, admitted to having
“a couple of drinks” at a bar, smelled of alcohol, had watery, bloodshot eyes
and slurred speech, and refused to perform field sobriety tests or submit to a
breath test.  Those facts are sufficient to show probable cause to believe that
Appellant was DWI, regardless of what facts may exist beyond the four corners
of the affidavit.  See Tex. Dep’t of Pub. Safety v. Gilfeather, 293
S.W.3d 875, 880–81 (Tex. App.—Fort Worth 2009, no pet.) (en banc op. on reh’g)
(holding that there was substantial evidence to show probable cause for DWI
when the appellee was stopped for speeding, had bloodshot eyes, swayed, smelled
like alcohol, and refused field sobriety tests).

          Appellant
relies on Torres v. State, 182 S.W.3d 899 (Tex. Crim. App. 2005), to
support his argument that the affidavit is insufficient to support the
magistrate’s issuance of the search warrant, particularly if the reference to
slurred speech is excised.  Torres, however, is distinguishable.  It involved
a warrantless arrest made by a Texas Department of Public Safety trooper.  Id.
at 901.  Torres crashed his vehicle into the front porch of a rural residence.  Id.
at 900.  Two sheriff’s deputies were the first to respond, and the trooper was
later called to the scene.  Id.  The deputies told the trooper that, in
their opinion, Torres was intoxicated when he drove into the porch.  Id.
at 901.  The deputies did not, however, articulate any supporting facts upon
which they had based their opinions.  Id. at 903.  Recognizing that probable
cause could be based on facts and circumstances of which the trooper had
reasonably trustworthy information, the court of criminal appeals held that because
the trooper in Torres had been supplied with mere opinion and not with
any supporting facts to support a finding of probable cause, probable cause was
not shown.  Id. at 903.

          That
is not the case here.  Officer Williamson did not give Officer Bounds his mere
opinion that Appellant had been intoxicated.  He relayed to her specific
factual observations that supported a reasonable belief that Appellant had been
intoxicated while driving.  With or without the statement in the affidavit that
Appellant’s speech was slurred, we hold that the affidavit is sufficient to
support the magistrate’s issuing the warrant.  See State v. Garrett, 22
S.W.3d 650, 654 (Tex. App.—Austin 2000, no pet.) (officer’s observing traffic
violation, smell of alcohol, watery eyes, and unsteadiness held sufficient to
support finding of probable cause for DWI).  Accordingly, we overrule Appellant’s
second point.

The Franks
Exception

          In
Franks v. Delaware, the U.S. Supreme Court allowed courts to go outside
the four corners of a warrant affidavit when a defendant alleges that the
affidavit contains a statement that is materially false.  438 U.S. 154, 171, 98
S. Ct. 2674, 2684 (1978); Cates v. State, 120 S.W.3d 352, 355 n.3 (Tex.
Crim. App. 2003).  In Appellant’s third point he invokes this exception to the
general rule that sufficiency review of a warrant affidavit is limited to the
four corners of the affidavit by contending that the statement in the affidavit
that Appellant’s speech was slurred was false.

          We
review a trial court’s decision on a Franks suppression issue under the
same standard that we review a probable cause deficiency, a mixed standard of
review, giving almost total deference to a trial court’s rulings on questions
of historical fact and application-of-law-to-fact questions that turn on an
evaluation of credibility and demeanor while reviewing de novo
application-of-law-to-fact questions that do not turn upon credibility and
demeanor.  Davis, 144 S.W.3d at 201 (citing Johnson v. State, 68
S.W.3d 644, 652–53 (Tex. Crim. App. 2002)).

          In
a Franks hearing, the trial court may consider not only the probable
cause affidavit, but also the evidence offered by the party moving to suppress
because this attack on the sufficiency of the affidavit arises from claims that
it contains false statements.  Franks, 438 U.S. at 155–56, 98 S. Ct. at
2676.  Under Franks, a search warrant affidavit must be voided, and any
evidence obtained pursuant to the search warrant excluded, if a defendant can
establish by a preponderance of the evidence at a hearing that the affidavit
contains a false statement made knowingly or intentionally, or with reckless
disregard for the truth.  Id.  Then, setting the false material
aside, the movant must also show that the affidavit’s remaining content is
insufficient to establish probable cause.  Id.; see also Hinojosa v. State,
4 S.W.3d 240, 246 (Tex. Crim. App. 1999).

          At
the Franks hearing, Officer Bounds explained that Officer Williamson
mistakenly indicated on his report that Appellant’s speech was normal:  “He
messed up on the speech part.”  She explained further that she relied on what
Officer Williamson verbally told her about his observations of Appellant.  In
its findings of fact, the trial court found that Officer Bounds was a “credible
witness” and that it was “persuaded that Officer Williamson’s verbal account to
Officer Bounds [wa]s the accurate recitation of [Appellant’s] physical
presentation on the night in question:  [Appellant’s] speech and balance were not
normal.  Officer Williamson merely marked the wrong boxes when completing
the score sheet, which Officer Bounds explained at the suppression hearing.” 
Under the appropriate standard of review we are to defer to the trial court’s
determinations of credibility and demeanor.  See Davis, 144
S.W.3d at 201.  Accordingly, we hold that the trial court reasonably concluded
that Appellant did not prove by a preponderance of the evidence that Officer
Bounds intentionally, knowingly, or recklessly made a material false statement
in her search warrant affidavit, and we overrule Appellant’s final point.  See
Franks, 438 U.S. at 155–56, 98 S. Ct. at 2676.

Conclusion

          Having
overruled Appellant’s remaining points, we affirm the trial court’s judgment.

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 8,
2011









[1]See Tex. R. App. P. 47.4.