

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-10-00154-CR**

GREGORY BLAINE SCHEIDEMAN                                    APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Gregory Blaine Scheideman negotiated a plea bargain with the State and pleaded guilty to driving while intoxicated (DWI) after the trial court denied his motions to suppress evidence. Then he appealed, claiming in three points that the trial court erred by denying his motions to suppress and by not granting his request to file findings of facts and conclusions of law. In a separate

---

[1]*See* Tex. R. App. P. 47.4.

order, we sustained the latter point, abated this case, and remanded it to the trial court to file findings of fact and conclusions of law, which the trial court has now provided in a supplemental clerk's record. After considering Appellant's remaining points in light of the complete record, we affirm.

## Background Facts and Procedural History

University of North Texas Police Officer S. Williamson stopped Appellant for running a red light and noticed that Appellant's breath and person smelled of an alcoholic beverage, that Appellant's eyes were bloodshot and watery, and that Appellant's speech was slurred. Appellant admitted that he had had a couple of drinks at a bar, but he refused to perform field sobriety tests or to submit to a breath test. Williamson took Appellant to jail and turned him over to the DWI officer on duty, Officer C. Bounds. Williamson and Bounds discussed the facts that had led Williamson to believe that Appellant had committed DWI, and Bounds included those facts in an affidavit for a warrant to permit drawing a specimen of Appellant's blood for alcohol testing. Williamson filled out a form DWI offense report. Bounds's affidavit included Williamson's observation that Appellant's speech was slurred, whereas Williamson's report indicated that Appellant's speech was normal.

A sample of Appellant's blood was drawn and tested, and Appellant moved to suppress the results in two motions, alleging that the warrant was not supported by probable cause and that the statement in the affidavit that Appellant slurred his speech was false.

The trial court denied both motions after a hearing at which only Officer Bounds testified. Appellant then negotiated a plea-bargain agreement with the State, retaining his right to appeal the trial court's rulings on the motions to suppress.

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

When the trial court makes explicit fact findings, as the trial court did in this case, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818.

## Sufficiency of the Affidavit

In his second point, Appellant challenges the sufficiency of the warrant affidavit to show probable cause, claiming that it does not because even though the affidavit states that Appellant's speech was slurred and Officer Bounds testified that Officer Williamson reported that Appellant slurred his speech, Officer Williamson's report, admitted as Defense Exhibit 1, indicates that Appellant's speech was "normal."  Appellant contends that the trial court should have redacted the reference to slurring in the affidavit and that the redacted version would be insufficient to show probable cause.

With one exception that applies to Appellant's next point, but not to this one, review of a trial court's denial of a suppression motion challenging the sufficiency of an affidavit to set out probable cause is limited to the four corners of the affidavit.  *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App.), *cert. denied*, 543 U.S. 944 (2004); *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 921 (1993); *Nicol v. State*, 470 S.W.2d 893, 894 (Tex. Crim. App. 1971); *Davis v. State*, 144 S.W.3d 192, 201 (Tex. App.—Fort Worth 2004, pet. ref'd).  In other words, unless the exception applies, we do not stray beyond the four corners of the affidavit.  So, regardless of what evidence may exist beyond the four corners of the affidavit, if the affidavit sets out facts that are sufficient to establish probable cause, the affidavit is sufficient to support issuance of a warrant.

The affidavit in this case stated that Appellant ran a red light, admitted to having "a couple of drinks" at a bar, smelled of alcohol, had watery, bloodshot eyes and slurred speech, and refused to perform field sobriety tests or submit to a breath test. Those facts are sufficient to show probable cause to believe that Appellant was DWI, regardless of what facts may exist beyond the four corners of the affidavit. *See Tex. Dep't of Pub. Safety v. Gilfeather*, 293 S.W.3d 875, 880–81 (Tex. App.—Fort Worth 2009, no pet.) (en banc op. on reh'g) (holding that there was substantial evidence to show probable cause for DWI when the appellee was stopped for speeding, had bloodshot eyes, swayed, smelled like alcohol, and refused field sobriety tests).

Appellant relies on *Torres v. State*, 182 S.W.3d 899 (Tex. Crim. App. 2005), to support his argument that the affidavit is insufficient to support the magistrate's issuance of the search warrant, particularly if the reference to slurred speech is excised. *Torres*, however, is distinguishable. It involved a warrantless arrest made by a Texas Department of Public Safety trooper. *Id.* at 901. Torres crashed his vehicle into the front porch of a rural residence. *Id.* at 900. Two sheriff's deputies were the first to respond, and the trooper was later called to the scene. *Id.* The deputies told the trooper that, in their opinion, Torres was intoxicated when he drove into the porch. *Id.* at 901. The deputies did not, however, articulate any supporting facts upon which they had based their opinions. *Id.* at 903. Recognizing that probable cause could be based on facts and circumstances of which the trooper had reasonably trustworthy information,

5

the court of criminal appeals held that because the trooper in *Torres* had been supplied with mere opinion and not with any supporting facts to support a finding of probable cause, probable cause was not shown. *Id.* at 903.

That is not the case here. Officer Williamson did not give Officer Bounds his mere opinion that Appellant had been intoxicated. He relayed to her specific factual observations that supported a reasonable belief that Appellant had been intoxicated while driving. With or without the statement in the affidavit that Appellant's speech was slurred, we hold that the affidavit is sufficient to support the magistrate's issuing the warrant. *See State v. Garrett*, 22 S.W.3d 650, 654 (Tex. App.—Austin 2000, no pet.) (officer's observing traffic violation, smell of alcohol, watery eyes, and unsteadiness held sufficient to support finding of probable cause for DWI). Accordingly, we overrule Appellant's second point.

### The *Franks* Exception

In *Franks v. Delaware*, the U.S. Supreme Court allowed courts to go outside the four corners of a warrant affidavit when a defendant alleges that the affidavit contains a statement that is materially false. 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978); *Cates v. State*, 120 S.W.3d 352, 355 n.3 (Tex. Crim. App. 2003). In Appellant's third point he invokes this exception to the general rule that sufficiency review of a warrant affidavit is limited to the four corners of the affidavit by contending that the statement in the affidavit that Appellant's speech was slurred was false.

We review a trial court's decision on a *Franks* suppression issue under the same standard that we review a probable cause deficiency, a mixed standard of review, giving almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor while reviewing de novo application-of-law-to-fact questions that do not turn upon credibility and demeanor. *Davis*, 144 S.W.3d at 201 (citing *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002)).

In a *Franks* hearing, the trial court may consider not only the probable cause affidavit, but also the evidence offered by the party moving to suppress because this attack on the sufficiency of the affidavit arises from claims that it contains false statements. *Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2676. Under *Franks*, a search warrant affidavit must be voided, and any evidence obtained pursuant to the search warrant excluded, if a defendant can establish by a preponderance of the evidence at a hearing that the affidavit contains a false statement made knowingly or intentionally, or with reckless disregard for the truth. *Id*. Then, setting the false material aside, the movant must also show that the affidavit's remaining content is insufficient to establish probable cause. *Id.; see also Hinojosa v. State*, 4 S.W.3d 240, 246 (Tex. Crim. App. 1999).

At the *Franks* hearing, Officer Bounds explained that Officer Williamson mistakenly indicated on his report that Appellant's speech was normal: "He messed up on the speech part." She explained further that she relied on what Officer Williamson verbally told her about his observations of Appellant. In its

findings of fact, the trial court found that Officer Bounds was a "credible witness" and that it was "persuaded that Officer Williamson's verbal account to Officer Bounds [wa]s the accurate recitation of [Appellant's] physical presentation on the night in question: [Appellant's] speech and balance were *not* normal. Officer Williamson merely marked the wrong boxes when completing the score sheet, which Officer Bounds explained at the suppression hearing." Under the appropriate standard of review we are to defer to the trial court's determinations of credibility and demeanor. *See Davis*, 144 S.W.3d at 201. Accordingly, we hold that the trial court reasonably concluded that Appellant did not prove by a preponderance of the evidence that Officer Bounds intentionally, knowingly, or recklessly made a material false statement in her search warrant affidavit, and we overrule Appellant's final point. *See Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2676.

## Conclusion

Having overruled Appellant's remaining points, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 8, 2011

8