**Timothy Reed ASHMORE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47778.**

Court of Criminal Appeals of Texas.

March 6, 1974.

Fred M. Bruner and Roy L. Merrill, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., and William L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of marihuana. Trial was before the court upon a plea of not guilty. Punishment was assessed at two years, probated.

Appellant contends that the court erred in admitting into evidence marihuana seized in an unlawful search.

The record reflects that officers, armed with a search warrant, conducted a search in an apartment in Garland on August 30, 1972. The return on the warrant reflects

that among other items seized were six plastic bags containing a total of approximately five ounces of marihuana and some partially smoked marihuana cigarettes. The record shows that appellant and one other person were arrested in the apartment. Trial was upon stipulated testimony which reflects that the apartment searched was the place where appellant resided.

Appellant urges that the allegations of the affidavit made to support the search warrant are insufficient to show probable cause for the issuance of the search warrant in view of the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

The pertinent portion of the affidavit of A. D. Avey reads:

"  . . .

"MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

"I have been informed of the foregoing setout facts by a person, who I know to be reliable, credible and trustworthy, who states the following facts: That he, the informant, was in apartment # 220 of the Casa DeSueno Apartments located at 810 W. Centerville Rd., Garland, Dallas County, Texas within the last twenty four (24) hours. He, the informant did at this time observe six (6) plastic bags containing marijuana lying on the coffee table in the living room of this described apartment. He further stated that Dale Crew and Tim Ashmore were smoking marijuana cigarettes in the living room of this apartment, and did discuss selling him one (1) plastic bag of marijuana for $10.00.

"While I do not wish to reveal the identity of the informant for security reasons, I believe this information to be true and correct because A. D. Avey and C. K. Pinkston have on three (3) different occasions within the last sixty (60) days received information concerning narcotic users and dealers in the Garland area and on each and every occasion, the information proved to be true and correct.

"This information was received by Det. A. D. Avey at 10 am, August 30, 1972."

The United States Supreme Court in *Aguilar* set out two requirements for an affidavit for a search warrant where the affidavit is based on hearsay information. First, "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were," and, secondly, that he be informed of "some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was 'credible' or his information 'reliable.' "

While appellant urges that the affidavit fails to meet both requirements, we find it unnecessary to discuss the first, in view of our finding that the affidavit does not meet the test of the second prong of *Aguilar*, requiring that the affidavit state circumstances from which it may be determined that the unnamed informer was credible and reliable.

In the recent cases of Caldarera and Walker v. State, 504 S.W.2d 914 (Tex.Cr. App., 1974), this court held that the second requirement of *Aguilar* was not met where the affiant attempted to support the claim that the informant was reliable by stating that the informant did not have a criminal record and "my source has stated facts that I know to be true from other persons and relates facts that I know to be true and correct, concerning drug traffic in Austin."

The deficiency in the affidavit before us is essentially the same as that in Caldarera and Walker v. State, supra, in that it concludes that the informant was reliable "because A. D. Avey [affiant] and C. K. Pinkston have on three (3) different occasions within the last sixty (60) days received information concerning narcotic users and dealers in the Garland area and

on each and every occasion, the information proved to be true and correct." The affidavit does not reflect that informant has provided information on any prior occasions. Reliability is based on the affiant and one C. K. Pinkston having received information on three occasions from a source which is not revealed "concerning narcotic users and dealers in the Garland area and on each and every occasion, the information proved to be true and correct." Such an allegation does not aid the magistrate in determining the credibility and reliability of the informer. See Kemp v. State, Tex.Cr.App., 464 S.W.2d 141. We are unable to construe the affidavit to reflect that the unnamed informant furnished the information alleged to have been proven correct on three different occasions. Even if such construction were possible, it is impossible to tell if affiant and C. K. Pinkston received the information from the informant on all three occasions or whether Pinkston, who has not signed and sworn to the affidavit, received the information and relayed the same to affiant.

We are mindful that affidavits for search warrants are normally drafted in the midst and haste of a criminal investigation, and adhere to the teachings of the United States Supreme Court in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, that they must be interpreted "in a common sense and realistic fashion." See Cummins v. State, Tex.Cr. App., 478 S.W.2d 452. Nonetheless, in our efforts to avoid technical and strict interpretation, we must be ever mindful that we stay within the boundaries of constitutional requirements. See Bridger v. State, 503 S.W.2d 801 (Tex.Cr.App., 1974).

We conclude that the affidavit based upon hearsay information did not meet the second requirement of *Aguilar* concerning the credibility of the informer and the reliability of his information.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.