**Rosie Lee JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49620.**

Court of Criminal Appeals of Texas.

May 21, 1975.

Mike Lackmeyer, Killeen, for appellant.

Joe Carroll, Dist. Atty. and William P. Gibson, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of cocaine. Punishment was assessed at seven years.

On August 7, 1973, Officers Allen W. Mayton and Charles R. Spriggs received information from an informant that heroin was in a trailer home in Killeen. The officers obtained a search warrant and searched the trailer house. Appellant entered the trailer during the search. She consented to be searched but insisted that her purse not be searched. Detective Spriggs found a pistol in appellant's purse. Spriggs removed the pistol, several medicinal bottles and $1187 in cash. Rodney McCutcheon, Department of Public Safety chemist, testified that the bottles contained cocaine and heroin. The sufficiency of the evidence is not challenged.

Appellant contends that the search warrant affidavit does not satisfy the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

Under Aguilar the affidavit must contain (1) the underlying circumstances which led to the informant's conclusion of guilt and (2) the underlying circumstances which led the affiant to believe that the informant was credible and reliable. Appellant contends that the affidavit does not° contain sufficient facts from which the magistrate could conclude that the informant was credible and reliable.

The pertinent portion of the affidavit states:

Affiants have received information from a confidential source that at this time a quantity of heroin is being kept at the above location and in care custody and control for the purpose of sale, by the above persons. The source has given information in the past on at least five occasions and on each occasion the information has proven to be true and correct and the information at this time is that the heroin has been observed by the source within the last twenty four hours. The source is familiar with the narcotic drug, heroin, and the instruments used to inject the heroin into the body."

The Supreme Court of the United States in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), wrote:

"If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of criminal investigation. Technical requirements of elaborate specificity exacted under common law pleadings have no proper place in this area."

Appellant's specific complaint is that "there is no way to tell from the face of the affidavit whether or not the informant had on the prior occasions given information to the affiants or to some other person." A similar contention was answered adversely to appellant in Curtis v. State, 519 S.W.2d 883 (Tex.Cr.App.1975). The affidavit in Curtis stated:

"I believe my source of information to be true and correct because my source has given information in the past which has proven to be true and correct in every instance; further to the best of my knowledge my source does not have a criminal record."

In Curtis, the Court wrote:

"The recitations in the affidavit in the case at bar state, first, that the inform-

ant had actually been inside the apartment in question and seen the appellant selling heroin, and, second, that the informant had provided true and correct information on other occasions. The affidavit is sufficient."

See also Barnes v. State, 504 S.W.2d 450 (Tex.Cr.App.1974); Heredia v. State, 468 S.W.2d 833 (Tex.Cr.App.1971); Morgan v. State, 516 S.W.2d 188 (Tex.Cr.App.1974); Powell v. State, 505 S.W.2d 585 (Tex.Cr. App.1974). Cf. United States v. Acosta, 501 F.2d 1330 (5th Cir. 1974).

A realistic and commonsense interpretation of the affidavit in the instant case is that the informant had given prior information to both the officers who signed the search warrant and swore to the affidavit.

Appellant relies upon Ashmore v. State, 507 S.W.2d 221 (Tex.Cr.App.1974). It is distinguishable. The affidavit in Ashmore did not reflect that the "informant" gave prior information to the affiants. In the instant case the affidavit states that "the source has given information in the past on at least five occasions and on each occasion the information has proven to be true and correct."

Appellant's first ground of error is overruled.

Appellant's second ground of error contends that the State failed to establish the chain of custody. Without setting out the evidence, we conclude that the chain of custody was established.

No error is shown. The judgment is affirmed.

ROBERTS, Judge (dissenting).

What follows is the opinion originally prepared and submitted to this Court by the Honorable Carl E. F. Dally, Commissioner for the Court. I adopt it as my dissent to the majority's disposition of this cause.

"This is an appeal from a conviction for the possession of cocaine, a narcotic drug. The judge assessed punishment of imprisonment for seven years. The question presented for review is whether the cocaine admitted in evidence was obtained as the result of an unlawful search and seizure made in violation of the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States.

"The cocaine was taken from the appellant by officers while they were conducting a search authorized by a search warrant. In midafternoon the appellant entered a mobile home occupied by Mozelle Lamont where police officers were making the search. The appellant consented to be searched, but she insisted the officers not search the large purse she was carrying. After she had resisted slightly the officers searched her purse and found a fully loaded .38 caliber pistol, over $1,100 in cash, and the cocaine. At the hearing on the motion to suppress evidence and by an appropriate ground of error on appeal the appellant has asserted that the affidavit based on hearsay made in support of the search warrant was deficient because it did not inform the magistrate who issued the search warrant of sufficient facts and circumstances from which he could determine that the unidentified informer was credible or that his information was reliable.

"Since a magistrate must determine independently the validity of a search warrant affidavit, Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), requires that the affidavit for a search warrant that is based on hearsay state the underlying circumstances for the informer's conclusion that the narcotics are where he says they are and state facts and circumstances to support the affiant's claim that the informer is credible or his information reliable.

"The pertinent part of the affidavit in this case reads:

"Affiants have received information from a confidential source that at this time a quantity of Heroin is being kept at the above location and in care and custody and control for the purpose of sale, by the above persons. The source has given information in the past on at least five occasions and on each occasion the information has proven to be true and correct and the information at this time is that the heroin has been observed by the source with-in the last twenty four hours. The source is familiar with the narcotic drug, heroin, and the instruments used to inject the heroin into the body.'

"The only statement in the affidavit from which the magistrate could have determined the credibility of the informer is that: 'The [confidential] source has given information in the past on at least five occasions and on each occasion the information has proven to be correct . . .' The magistrate could not determine from that statement either the nature of the information given in the past or to whom the information was given. The statement does not even intimate that the information given in the past related to any criminal matters or criminal investigation, that the information given in the past was given to the affiant or to any other law enforcement officers. Therefore the statement made in the affidavit in this case is of the same conclusory nature and is of no more help to the magistrate in determining the credibility of the informer or the reliability of his information than the statement made in the affidavit in *Aguilar* which recited 'affiants have received reliable information from a credible person and do believe . . .'

"The affidavit in this case does not recite any facts which the law enforcement officers had obtained by independent investigation to corroborate the informer's tip. Therefore, the rule of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637 (1969), does not apply.

"The Supreme Court of the United States attempted to give further guidance in determining whether an affidavit states probable cause in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). The affidavit in that case was held sufficient; it stated:

"(1) The informer was a 'prudent' person.

"(2) The affiant knew that the accused person had a reputation for violating the law by selling untaxed liquor.

"(3) The informer's statement of the facts and circumstances to show that the untaxed liquor was where he said it would be was in such detail as to give it an indicia of reliability.

"(4) The information given by the informer constituted an admission against his penal interest.

The Supreme Court held there was a substantial factual basis for believing the informer, and when coupled with the affiant's own knowledge of the accused's background it afforded a basis upon which the magistrate could reasonably issue the warrant. The statement of the informer in the present affidavit does not constitute an admission against his penal interest. The information which was supplied was not given in enough detail to, in itself, give indicia of reliability, and the affidavit contains no information supplied by the affiant as there was in United States v. Harris, supra.

"We again repeat that we do not intend to be overly strict or technical in our interpretation of affidavits supporting search warrants, recognizing that they must be written by working officers having limited time. We adhere to the 'common sense'

interpretation of such affidavits, but in doing so we must stay within the boundaries of constitutional requirements. See Bridger v. State, 503 S.W.2d 801 (Tex.Cr.App.1974); Ashmore v. State, 507 S.W.2d 221 (Tex.Cr.App.1974); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. [471] 741, 13 L.Ed.2d 684 (1965); and Spinelli v. United States, supra.

"Even though probable cause for the issuance of this search warrant may have existed in fact, neither the magistrate that issued it nor this Court can determine by looking at the affidavit whether such probable cause existed. When all or part of the information comes from an informer the police officer should (a) state what part comes from the informer, (b) state the facts received from the informer, not merely his conclusions, (c) state how the informer got the information, i. e., by personal observation or from another informer or otherwise, (d) state facts from which the magistrate can determine if the informer is credible, i. e. is a truthful person. See Nicol v. State, 470 S.W.2d 893 (Tex.Cr.App.1971); Kemp v. State, 464 S.W.2d 141 (Tex.Cr.App.1970); Ruiz v. State, 457 S.W.2d 894 (Tex.Cr.App.1970); Gaston v. State, 440 S.W.2d 297 (Tex.Cr.App.1969) (concurring opinion); United States v. Acosta, 501 F.2d 1330 (5th Cir. 1974); United States v. Chavez, 482 F.2d 1268 (5th Cir. 1973).

"Although the appellant did not question in the trial court whether the affidavit met the requirements of *Aguilar* that the informer state underlying circumstances to show that the contraband is where he says it is, it is doubtful that the affidavit in this case meets that requirement. The affidavit states that the informer observed the heroin within the last twenty-four hours, but it does not state that the heroin was seen on the premises to be searched."

ONION, P. J., joins in this dissent.