**Robert K. SWISHER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50099.**

Court of Criminal Appeals of Texas.

May 26, 1976.

Rehearing Denied June 16, 1976.

Certiorari Denied Jan. 10, 1977.

See 97 S.Ct. 734.

Joseph (Sib) Abraham, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and John P. Bradford, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. Punishment was assessed by the jury at seven years.

Appellant contends that "the trial court erred in not suppressing the marihuana seized in this case because the search and arrest was not based upon probable cause as required by the Fourth Amendment of the United States Constitution."

Napoleon Herrera, a Department of Public Safety intelligence agent, testified that he received information from an informant that Robert Swisher was going to pick up a load of marihuana in the Fabens-Tornillo area near El Paso on the evening of October 12th or 13th, 1970. The informant also told Herrera that Swisher would be driving a white Rambler station wagon or a white pickup. Herrera had not received any prior information from the informant and the informant did not tell Herrera how he obtained his information.

Herrera drove to the intersection of Interstate 10 and Farm-to-Market Road 793. Herrera saw a white Rambler station wagon turn off Interstate 10 and onto Farm-to-Market Road 793 and proceed south. Herrera followed the car toward the Mexican border. Herrera testified that the station wagon was empty. Herrera stopped at the intersection of State Road 20 and Farm-to-Market Road 793 in the Fabens-Tornillo area. Approximately an hour later the station wagon passed Herrera traveling north. Herrera followed the car until another Department of Public Safety patrol car arrived. Herrera then pulled alongside the station wagon and shined a flashlight into the rear of the vehicle. Herrera testified that the back of the station wagon was full of brown packages wrapped in cellophane. Herrera then requested the patrol car to stop the station wagon. The Department of Public Safety officers stopped the station wagon and arrested appellant. Herrera opened a few of the packages in the rear of the station wagon. The packages contained marihuana.

■ The underlying circumstances which led to the informant's conclusion of guilt were not shown. There was no showing that the informant was credible and reliable. See *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Jones v. State*, Tex.Cr.App., 522 S.W.2d 930 (Tex.Cr. App.1975). The fact that an informant's tip does not satisfy the requirements of probable cause will not prevent an officer from investigating suspected criminal activity. In *George v. State*, 509 S.W.2d 347 (Tex.Cr. App.1974), this Court wrote:

"  .  .  . Officers must have come reasonable leeway to investigate into criminal activity absent probable cause for an arrest or search."

See also *Hernandez v. State*, 523 S.W.2d 410 (Tex.Cr.App.1975); *Wood v. State*, 515 S.W.2d 300 (Tex.Cr.App.1974).

■ Officer Herrera's surveillance of appellant's automobile was proper, and, under the circumstances, Officer Herrera would have been remiss in his duty had he not investigated further after receiving the informant's tip. Cf. *Tores v. State*, 518 S.W.2d 378 (Tex.Cr.App.1975).

■ During his surveillance of appellant's automobile, Officer Herrera pulled up alongside appellant's car and observed numerous brown packages wrapped in cello-

phane in the rear of appellant's car. Officer Herrera testified:

" . . . I pulled up along side, observed the packages that appeared to me to be the same type packages in which marihuana is normally wrapped in.

"Q. What type of packages were they?

"A. These were packages wrapped in different color cellophane and brown paper.

"Q. Could you tell if there were numerous packages or how many packages there were?

"A. The back of the stationwagon was completely full.

"Q. Were these covered in any manner?

"A. No sir they were not covered, actually exposed.

"Q. After you observed that—let me ask you this Agent Herrera—had you seen any other items other than marihuana that had been wrapped in the same manner before?

"A. Not that I recall. I am sure there are some items that could be wrapped that way, but I don't know what they would be."

A police officer is expected to utilize his expertise and experience in assessing probable cause. Herrera's conclusion that the packages contained marihuana was reasonable in light of his prior experience. Thus, when Officer Herrera saw the packages of marihuana in the rear of appellant's station wagon he had probable cause to arrest appellant and search the automobile. See *Hernandez v. State,* supra; *Onfre v. State,* 474 S.W.2d 699 (Tex.Cr.App.1972). Appellant's third ground of error is overruled.

■ Appellant also contends that he was denied a speedy trial. In *Davison v. State,* 510 S.W.2d 316 (Tex.Cr.App.1974), this Court wrote:

"The test for ascertaining whether the right to speedy trial has been denied is a balancing test based upon at least four criteria: (1) the length of delay; (2) the reason for the delay; (3) the accused's assertion of his right; and (4) the preju-

dice to the accused. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Pete v. State,* 501 S.W.2d 683 (Tex.Cr.App.1973); *McKinney v. State,* 491 S.W.2d 404 (Tex.Cr.App.1973). During its present term, the Supreme Court of the United States has emphasized that none of these four criteria have 'talismanic qualities,' and, in particular, that a showing of prejudice is not sine qua non to demonstrating a denial of the right of speedy trial. *Moore v. Arizona,* 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973)."

He was arrested on October 12, 1970, and indicted on November 19, 1970. His bond was forfeited on December 4, 1970. The trial was held on June 17, 1974.

Three years and eight months elapsed from the date of arrest to trial. Such a delay is not, per se, a deprivation of a right to a speedy trial, although it is a fact which calls for further consideration of appellant's claim. *Archie v. State,* 511 S.W.2d 942 (Tex.Cr.App.1974).

Appellant does not allege and the record does not reflect any deliberate effort by the State to delay the trial. He testified that an examining trial was conducted some time between the date of the arrest and the date the indictment was returned. The magistrate who conducted the examining trial concluded that there was no probable cause for appellant's arrest. He related that he believed that the charges against him had been dismissed and that he did not know that an indictment had been returned against him. He moved to New Mexico after the examining trial and lived there until he was arrested on a fugitive warrant in January, 1974 and returned to El Paso in March of 1974. He was tried on June 17, 1974.

On March 28, 1974, appellant signed an "Agreed Order of Continuance" which set the trial date for June 17, 1974. The motion for a speedy trial was filed on June 11, 1974. He was tried six days after his request for a speedy trial.

Appellant claims he was prejudiced by the delay in his trial because he was unable to locate two witnesses and Officer Her-

rera's testimony was "dimmed by the passage of time." He testified at a pretrial hearing that Henry Garcia and Clay Melton asked appellant to deliver a load of alfalfa to some "hippies" and that he agreed to deliver the alfalfa for a fee of $150.00. Appellant also stated that he attempted to locate the witnesses by going to the house where he obtained the marihuana and asking the female resident, who did not speak English, "Is Henry here?" He also checked the telephone directory for the address of one of the witnesses.

"When non-availability of witnesses is the basis of the alleged prejudice, an appellant must show that the witnesses were unavailable at the time he was tried; that their testimony may be relevant and material to his defense, and that due diligence was exercised in an attempt to locate such witnesses at the time he was tried." *McCarty v. State*, 498 S.W.2d 212 (Tex.Cr.App.1973). See also *Peak v. State*, 522 S.W.2d 907 (Tex.Cr.App.1975).

Applying the balancing test of *Barker v. Wingo*, supra, we conclude that appellant was not denied his right to a speedy trial. Appellant's first ground of error is overruled.

Appellant in his second ground of error contends that "the trial court erred in not accepting the State's motion to dismiss because it was a valid part of a plea bargain process estopping the State of Texas from prosecuting this case."

Appellant's attorney testified that an assistant district attorney agreed to dismiss the charges against appellant. After the trial court refused to dismiss, the State then withdrew the motion to dismiss and proceeded to trial. Article 32.02, V.A.C. C.P., provides:

"The attorney representing the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge."

Article 32.02, supra, expressly provides that no case shall be dismissed without the consent of the presiding judge. Thus, the trial court was not bound by the prosecutor's motion to dismiss the indictment. Appellant's second ground of error is overruled.

The judgment is affirmed.

ROBERTS, J., dissents on the ground that the search was illegal.