In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00165-CR


______________________________




MILTON HEATH HILL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 20520




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Upon his plea of guilty, Milton Heath Hill was found guilty by the 336th Judicial District
Court of Fannin County, Texas, of the first-degree felony of possession of more than four grams but
less than 200 grams of methamphetamine with the intent to deliver and sentenced to fifteen years'
imprisonment, from which he appeals.

 Hill's sole point of error centers on the refusal of the trial court to suppress the evidence
which was obtained as the result of a search after the issuance of a search warrant; in this challenge
to that ruling, Hill maintains that fatal errors existed in identifying in the warrant the property to be
searched and that no probable cause for the issuance of the warrant was demonstrated.

 Appellate courts should afford almost total deference to a trial court's determination of the
historical facts that the record supports. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). The same level of deference should be afforded to a trial court's rulings by appellate courts
on application of law to fact questions (to which reference is made as mixed questions of law and
fact) if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor
of witnesses. See id. Nevertheless, where the resolution thereof is not restricted to an evaluation of
credibility and demeanor, de novo review of these mixed questions of law and fact may be applied. 
See id. Reversal by an appellate court of a trial court's decision is in order only for an abuse of
discretion, which occurs when it appears the trial court applied the wrong legal standard or when no
reasonable review of the record could support the trial court's conclusion under the correct law and
the facts, viewed in the light most favorable to its legal conclusion. See Villarreal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996); Banda v. State, 890 S.W.2d 42, 49 (Tex. Crim. App.
1994).

 Hill's complaints about the search warrant are twofold: (1) that the affiant fails to provide
probable cause for the issuance of the search warrant which led to the search yielding the prohibited
substances which provide the base for the prosecution and (2) that the warrant fails to accurately
describe the premises to be searched.

 An affidavit for a search warrant is sufficient to establish probable cause for the issuance of
such a warrant if, taking in the totality of the circumstances as contained within the affidavit itself,
the magistrate is provided with a substantial basis for concluding that probable cause for its issuance
exists. Illinois v. Gates, 462 U.S. 213, 238 (1983). 

 As to the standard to be applied in reviewing affidavits for search warrants, the Texas Court
of Criminal Appeals has recently reiterated that the appellate courts 

 should "not invalidate the warrant by interpreting the affidavit in a hypertechnical,
rather than a commonsense, manner. Although in a particular case it may not be easy
to determine when an affidavit demonstrates the existence of probable cause, the
resolution of doubtful or marginal cases in this area should be largely determined by
the preference to be accorded to warrants." Thus, even in close cases we give great
deference to a magistrate's determination of probable cause to encourage police
officers to use the warrant process rather than making a warrantless search and later
attempting to justify their actions by invoking some exception to the warrant
requirement.



Rodriguez v. State, No. PD-1013-06, 2007 Tex. Crim. App. LEXIS 624, at *6 (Tex. Crim. App.
May 9, 2007) (footnotes and citations omitted).

 We also fully recognize that affidavits for search warrants are normally drafted in the midst
and haste of a criminal investigation, and adhere to the teachings of the United States Supreme Court
in United States v. Ventresca, 380 U.S. 102 (1965), that they must be interpreted in a common sense
and realistic fashion. Nonetheless, in our efforts to avoid technical and strict interpretation, we must
be ever mindful that we stay within the boundaries of constitutional requirements. Ashmore v. State,
507 S.W.2d 221, 223 (Tex. Crim. App. 1974).

 Therefore, we apply "great deference" to the magistrate's determination of probable cause in
this case, as required by the law. 

 The magistrate may issue a search warrant if the facts contained in the four corners of the
affidavit and the reasonable inferences drawn therefrom justify the conclusion that the object of the
search is probably on the premises at the time of the warrant's issuance. Cassias v. State, 719
S.W.2d 585, 587 (Tex. Crim. App. 1986); State v. Delagarza, 158 S.W.3d 25, 26 (Tex.
App.--Austin 2005, no pet.).

 When a challenge is made as to whether a search warrant affidavit is legally sufficient to
show probable cause, the trial court is limited to the "four corners" of the affidavit. Cates v. State,
120 S.W.3d 352 (Tex. Crim. App. 2003). 

 In Aguilar v. Texas, 378 U.S. 108 (1964), the United States Supreme Court held that an
affidavit for a search warrant may be based upon hearsay information and need not reflect the direct
personal observations of the affiant. However, if based upon hearsay, the issuing magistrate must
(1) be informed of the underlying circumstances from which it can be determined that the affiant
received his information in a "reliable" way, and the magistrate must also (2) be informed of specific
factual allegations from which the affiant concluded the source was "credible" or his information
"reliable." The above two requirements are commonly known as the "two-pronged test" of Aguilar. (1)
The United States Supreme Court has subsequently relaxed the rigid standards in the Aguilar
analysis to allow consideration of the "totality of the circumstances." See Gates, 462 U.S. at 230.
Although the totality of the circumstances includes the two prongs of Aguilar, a deficiency in one
of the two prongs of Aguilar may not be fatal if the totality of the circumstances indicates reliability.
Id. 

 While probable cause may be based upon hearsay, the hearsay must be credited at each level
in order to meet constitutional requirements. Hennessy v. State, 660 S.W.2d 87, 91 (Tex. Crim. App.
1983). Upon what facts may an issuing magistrate rest its determination that a third-party informant
is credible or reliable? The magistrate may rely on the affidavit of a police officer based on his
knowledge or the knowledge of other officers. Johnson v. State, 803 S.W.2d 272, 289 (Tex. Crim.
App. 1990), overruled on other grounds by, Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App.
1991). In regard to informants who are not peace officers, it has been held sufficient if the informant
was known to the affiant and had given him "reliable information twice in the past." Capistran v.
State, 759 S.W.2d 121, 127 (Tex. Crim. App. [Panel Op.] 1982) (op. on reh'g). Statements that the
informant had no criminal history and had a reputable job, with other indicia of reliability, have been
deemed sufficient when there has been independent corroboration of some of the information
furnished by the informant. Martin v. State, 67 S.W.3d 340, 344 (Tex. App.--Texarkana 2001, pet.
ref'd). Information received from several unidentified different sources, followed by police
observations of apparent drug deals taking place, have supplied the required credibility. Ashcraft
v. State, 934 S.W.2d 727, 732 (Tex. App.--Corpus Christi 1996, pet. ref'd). 

 It is appropriate, then, to look at the affidavit about which Hill complains to determine if it
provides, within its four corners, the required reliable facts upon which the magistrate could
reasonably base a conclusion that probable cause existed. The portion of the affidavit for the search
warrant leading to the search of Hill's residence (omitting the qualifications, background, and
experience of the affiant police investigator) reads as follows:

 On October 25th, 2001, AFFIANT met with a Confidential Informant
(hereinafter "the CI") regarding the manufacture and distribution of
Methamphetamine by HILL at the Suspect Location. The identity of the CI should
be protected for the CI's personal safety and to protect the confidentiality and
integrity of continuing investigations.

 

 On the above noted date AFFIANT met with the CI regarding the CI's transfer
of glassware, a precursor, and received a statement from CI detailing his use of
methamphetamine with HILL on that same day. The CI advised AFFIANT that the
CI had helped transport glassware and the precursor to the suspect Location within
the past twenty-four (24) hours. The CI described the odor and appearance of the
precursor with sufficient precision to allow it to be identified as anhydrous ammonia.


 Even applying great deference to the ruling made by the trial court at the suppression hearing,
when reading the four corners of the affidavit in a common sense and realistic manner, it fails to
show any reason why the issuing magistrate could have a reason to believe that the confidential
informant to whom the affiant made reference was to be afforded sufficient credibility in order to
establish probable cause for the issuance of a search warrant. 

 The Texas Court of Criminal Appeals has said that, 

 [i]f the informant is unnamed, the minimal requirement is that the affidavit recite that
the informant has no criminal record, and enjoys a good reputation among his
associates and in the community. Compare Carvajal v. State, 529 S.W.2d 517 (Tex.
Crim. App. 1975), with, Caldarera v. State, 504 S.W.2d 914 (Tex. Crim. App. 1974)
(and cases there cited). This is true even though the informant has not given
information before, because an affidavit in support of a warrant to search need not
recite that the affiant's informant has given information in the past. See Barnes v.
State, 504 S.W.2d 450, 454 (Tex. Crim. App. 1974). 


Avery v. State, 545 S.W.2d 803, 804 (Tex. Crim. App. 1977).

 There is nothing in the affidavit to reveal that this confidential informant had credibility (such
as the provision by the confidential informant of previously credible information); there is nothing
shown in the affidavit that the tip provided had been corroborated by independent information; the
affiant failed to show that there was any attempt at all to provide any verification of the information
provided by this confidential informant or of the informant's reliability or credibility; the affiant did
not inform the magistrate that the informant's lack of a criminal record or other standing in the
community would lend credence to the informant's reliability or veracity. In short, there is nothing
to even suggest that the information was elicited from a credible person whose information could
be presumed to be reliable.

 Based on the foregoing and while giving great deference to the magistrate's determination,
we conclude and hold that the facts asserted in the affidavit are insufficient under the totality of the
circumstances to establish that probable cause existed for the issuance of an arrest and search warrant
on Hill's residence. For this reason, we cannot conclude that the magistrate had a substantial basis
for concluding that a search would uncover evidence of a crime. We hold that any ruling of the trial
court at the suppression hearing that the totality of circumstances contained within the four corners
of the affidavit supported the existence of probable cause, is erroneous. We, therefore, conclude that
the trial court abused its discretion in failing to suppress the evidence obtained as a result of the
search warrant under the analyses we are required to employ. We sustain Hill's point on appeal
insofar as it challenges the admissibility of the evidence seized under a search warrant that lacked
probable cause.

 Because we have determined that the trial court should have granted Hill's motion to suppress
due to the search warrant's lack of probable cause under the totality of the circumstances, we sustain
Hill's point as it pertains to the evidence seized as a result of that search. Absent the evidence
elicited as a result of that search, there would be insufficient evidence to sustain Hill's conviction.

 We are directed by Rule 47.1 of the Texas Rules of Appellate Procedure that our written
opinions are to be as brief as practicable so long as they address every issue raised which is 
necessary to final disposition of the appeal. Tex. R. App. P. 47.1. Since our finding of the lack of
probable cause for the issuance of the search warrant is sufficient to be dispositive of the case, in the
interest of brevity, we do not address the issue of the faulty description of the property to be searched
as contained in the search warrant.

 We reverse the judgment and remand the case to the trial court for disposition in accord with
this opinion.



 Bailey C. Moseley

 Justice


Date Submitted: June 21, 2007

Date Decided: July 17, 2007


Do Not Publish

1. The so-called "two-pronged test" suggests that the two prongs were intended simply as
guides to a magistrate's determination of probable cause--not as inflexible, independent
requirements applicable in every case. See Gates, 462 U.S. at 232. This opinion does not purport
to be a full-scale discussion of the tests for probable cause. 


hideWhenUsed="false" QFormat="true" Name="Subtle Emphasis"/>
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00108-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

RAYMOND
L. BROWN AND PARKS, PATON, HOEPFL & BROWN, LLC

 

 

                                                                                                  


 

                                                                                                        
                    

                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

 

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            In September 2008, Scott Martin, SKM
Partnership, Ltd., individually and as a shareholder on behalf of Martin
Resource Management Corporation (MRMC), filed suit in Harris County against
MRMC, Ruben S. Martin, III, and thirty-nine other individuals.  That suit alleged, among other things, that
Ruben caused MRMC to issue shares of stock to the other defendants and breached
a fiduciary duty.  The suit listed numerous
causes of action and prayed for actual, exemplary, special, and consequential
damages, declaratory relief that the stock issuance was improper, return of the
shares issued, and other relief.

            In May 2010, MRMC sued Scott Martin
and four other defendants, alleging that they tortiously interfered with MRMCs
contract to refinance existing indebtedness by filing the Harris County lawsuit
and for slander by issuing disparaging statements regarding MRMC and its
management.  MRMC prayed for actual and
exemplary damages.

             In this original proceeding, Raymond L. Brown
and Parks, Paton, Hoepfl & Brown, LLC, Michael Gayler, Gaylersmith Group,
LLC, and Scott Martin (Relators) contend that a Gregg County judge clearly
abused his discretion in denying their pleas to abate and dismiss the Gregg
County suit in favor of a first-filed suit in Harris County, containing inherently
interrelated facts. 

            Mandamus is an extraordinary remedy
that issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.  In re
Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (citing State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984)).  Absent extraordinary circumstances not
present here, a denial of a motion to dismiss or a plea in abatement is a
ruling incident to the ordinary trial process which will not be corrected by
mandamus, but by the legal remedy of the ordinary appellate process.  Hooks
v. Fourth Court of Appeals, 808 S.W.2d 56, 59 (Tex. 1991) (citing Abor v. Black, 695 S.W.2d 564, 56667
(Tex. 1985) (This court has consistently held that it lacks jurisdiction to
issue writs of mandamus to supervise or correct incidental rulings of a trial
judge, such as denials when there is an adequate remedy by appeal . . . includ[ing]
. . . pleas in abatement.)). 

            Relators argue that the abatement
was required under the principle of dominant jurisdiction.  We have previously stated that [m]andamus is
ordinarily available to resolve a conflict in jurisdiction between courts of
coordinate jurisdiction only when the trial court first taking jurisdiction has
been prohibited from proceeding, e.g., when the second court enjoins the
parties from taking any more action in the first court.  In re
Ramsey, 28 S.W.3d 58, 6364 (Tex. App.Texarkana 2000, orig. proceeding) (citing
Abor, 695 S.W.2d at 567).  When both courts proceed with their separate
actions without attempting to hinder the other courts jurisdiction, even
questions of dominant jurisdiction may generally be reviewed adequately by
appeal.  Id.  It is only when one
court directly interferes with the jurisdiction of the other that mandamus
becomes an appropriate remedy.  Id.; see
also In re U.S. Silica Co., 157 S.W.3d 434, 43839 (Tex. 2005). 

            Relators argue that mandamus rules
have been modified by recent Texas Supreme Court opinions to the extent that
our determination as to the adequacy of an appellate remedy should be
determined by a practical and prudential balancing of the benefits and
detriments of mandamus review.  Citing In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 13637 (Tex. 2004); Perry v. Del Rio,
66 S.W.3d 239 (Tex. 2001).  While
Prudential did not concern a dominant jurisdiction question, Perry did.  But in Perry,
the Texas Supreme Court, in determining the proper presiding court in a
congressional redistricting challenge, held that since substantial rights of
the citizens of Texas were implicated, mandamus relief was necessary.  Perry,
66 S.W.3d at 257.  Even in those
circumstances, the Texas Supreme Court determined the district court order
actively interfered with the other court and met the requirements of Abor. 
Abor held that mandamus is
available to resolve a conflict in jurisdiction between courts only when the
second court actively interferes with the exercise of jurisdiction of the first
court; otherwise, a traditional appeal is an adequate remedy.  695 S.W.2d at 567.  No authority has been cited, nor has been
found, rejecting Abor or holding that
it is no longer authoritative in mandamus issues involving dominant trial court
jurisdiction.  

            The
two suits are related in that they both involve MRMC and the two major
shareholders, Scott and Ruben.  But the
basic dispute in the Harris County case is that MRMC and Ruben  improperly issued additional shares of stock
in MRMC, resulting in damage to Scott, whereas the Gregg County case alleges
that Scotts actions, including filing the Harris County suit and making
disparaging statements, interfered with MRMCs business relationship and
damaged the company.  

            In Morris v. Legatt, this Court found that even though the
controversies in that matter were interwoven, since the second suit did not
interfere with the exercise of jurisdiction to decide the ultimate issues in
the first suit, mandamus was not a proper remedy.  877 S.W.2d 899, 901 (Tex. App.Texarkana
1994, orig. proceeding).  Because the
mandamus record filed in this case does not reveal any interference by the
Gregg County court upon the proceedings in the Harris County court, Relators
have an adequate remedy by appeal.  See In re Akins, No. 09-09-00447-CV,
2009 WL 3763776, at *1 (Tex. App.Beaumont Nov. 12, 2009, orig. proceeding) (concluding
mandamus relief inappropriate); In re
Barnes, No. 04-07-00864-CV, 2007 WL 4375222 (Tex. App.San Antonio Dec. 17,
2007, orig. proceeding) (same).  

            Finally, Relators also argue that
the Gregg County court abused its discretion in failing to deny the plea in
abatement for the purely discretionary reasons of comity, convenience, and
orderly procedure.  The only authority
cited is Dolenz v. Continental National
Bank of Fort Worth, 620 S.W.2d 572 (Tex. 1981), which is not a mandamus
proceeding, but is the normal appellate review after a final judgment.  Consequently, Dolenz is inapplicable to this case.  Even when basing the decision on purely
discretionary grounds, the Relators argue that the proper application of the
law allows only one conclusionthat the Gregg County case should be abated or
dismissed.  Based on the standard
required for mandamus relief, we cannot conclude that the trial court clearly
abused its discretion in denying the abatement.     

            Accordingly, we deny the petition
for writ of mandamus. 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          November 29, 2010

Date
Decided:             November 30, 2010