Affirmed and Memorandum Opinion filed April 22, 2008








Affirmed and Memorandum
Opinion filed April 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00912-CR

____________

 

STEPHEN SALVADOR ORLANDO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1038809

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Stephen Salvador Orlando, was indicted on the
offense of possession of methamphetamine with intent to deliver.  After his motion
to suppress was denied, appellant plead guilty and was sentenced to ten years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and a $1,000
fine.  In his sole issue on appeal, appellant contends that the officer who
executed the affidavit submitted in support of the search and arrest warrant
failed to establish probable cause, and therefore, the trial court erred in
denying his motion to suppress.  We affirm.








Factual
and Procedural Background

On August 25, 2005, Officer C.D. Wall, a Houston Police
Department undercover narcotics officer, submitted an affidavit to a magistrate
requesting a combination search and arrest warrant.  Officer Wall=s affidavit recited
the following statements and allegations:

The Affiant, C.D. Wall, is a peace officer in and
for the State of Texas, reputably employed with the Houston Police Department. 
The Affiant has been in the field of law enforcement for at least (23) twenty
three years, with approximately 17 years time having been spent exclusively
focusing/working on narcotics investigations and working in an undercover
capacity.  The Affiant is currently assigned to the Special Investigations
Command, Narcotics Division, is an experienced veteran narcotics investigator,
who has no criminal record, is credible and reliable and thus is worthy of
belief.  The Affiant has reasons to believe and does in fact believe that the
above listed described person, hereafter styled the defendant, is currently
i[n] possession of an illegal controlled substance, namely methamphetamine and
intends to distribute/deliver the substance to others.








Within the past 48 hours, the Affiant and Sergeant
J.F. Jansen, also assigned to the Narcotics Division, met with a credible and
reliable confidential informant (CI) who was checked and found not to be in
possession of any type of a controlled substance.  The informant had previously
advised Affiant that the accused person was known to informant as Stephen
Orlando.  Therefore, Affiant retrieved a Texas Department of Public Safety
photograph of Stephen Salvador Orlando and the informant positively identified
him as the accused person.  The confidential informant was then given $50.00 with
which to make purchase of methamphetamine.  The informant then went to the
defendant=s townhome as described and listed
above, address 9850 Pagewood Ln., Townhome #406.  Your Affiant maintained
sporadic surveillance of the C.I. and the townhome as described above.  The
informant advised Affiant that upon arrival to Townhome #406, Stephen Salvador
Orlando allowed the informant to enter the listed townhome through the garage. 
Stephen Salvador Orlando then retrieved a crystal like substance from the
living room area and handed it to the informant, in exchange for the $50.00
which had been provided by the Affiant.  The informant returned to the Affiant
and relinquished care, custody, and control of the crystal like substances
which later tested positive for methamphetamine, to your Affiant.  The
confidential informant advised your Affiant that the methamphetamine was
purchased from Stephen Salvador Orlando and who is more fully described above. 
Stephen Salvador Orlando told the informant to come back to the townhome
anytime further purchases are needed.  The confidential informant advised your
Affiant that Stephen Salvador Orlando is known to carry, and to have on his
person and in his premises, a pistol.

The confidential informant
also advised your Affiant that the confidential informant has seen
methamphetamine on a number of occasions and is a past user of methamphetamine
and is aware of the physical properties and appearance of listed
methamphetamine.  The informant is confident that the crystal like substance,
which the informant saw being kept and sold at the townhome located at 9850
Pagewood Ln, Townhome #406 is in fact methamphetamine.  The informant has been
to the townhome within the past 48 hours and has seen Stephen Salvador Orlando,
as described above, in possession of methamphetamine for the purpose of sale
and/or personal use.  The informant will remain anonymous for safety and
security reasons.  The informant has given information on several occasions in
the past which was proven to be true and correct.

That same day, the magistrate signed a warrant authorizing
a search for methamphetamine and other illegal controlled substances at 9850
Pagewood Ln., Townhome #406, and the arrest of appellant and any other persons
at that address found to be in unlawful possession of an illegal controlled
substance.  Officer Wall and seven other officers then executed the search and
arrest warrant, and seized, among other things, 295.8 grams of methamphetamine,
a money counter, plastic bags, and miscellaneous drug paraphernalia.  The
officers thereupon arrested appellant.

On August 27, 2005, appellant was indicted on the offense
of possession of methamphetamine with intent to deliver.  He later filed a
motion to suppress the evidence seized pursuant to the search and arrest
warrant, which the trial court denied.  Appellant then entered a guilty
plea, and, after a punishment hearing, the trial court sentenced him to ten
years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and a $1,000
fine.  This appeal followed.

Analysis








In his sole issue on appeal, appellant asserts that the
officer=s affidavit was
insufficient to establish probable cause because the officer who conducted  the
controlled buy did not (1) observe the informant enter or leave the residence;
or (2) keep the informant and/or the residence under surveillance during the
entire time the controlled buy was underway.  Appellant further asserts that
the affiant=s statement regarding the informant=s reliability is
deficient, and constitutes nothing more than uncorroborated hearsay that will
not support a finding of probable cause.

For the following reasons, we disagree with appellant that
the affidavit submitted in support of the search and arrest warrant was
insufficient to establish probable cause.  We therefore overrule appellant=s sole issue.

Standard
of Review

In reviewing a trial court=s ruling on a
motion to suppress, we apply a bifurcated standard of review. Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We give almost total
deference to the trial court=s determination of historical facts that
depend on credibility and demeanor, but conduct a de novo review of the trial
court=s application of
the law to facts if resolution of those ultimate questions does not turn on
evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).

Because probable cause to support the issuance of the
warrant is determined from the four corners of the affidavit alone, the trial
court does not make credibility choices in determining the sufficiency of an
affidavit to establish probable cause. State v. Walker, 140 S.W.3d 761,
765 (Tex. App.CHouston [14th Dist.] 2004, no pet.).  Thus, we review
de novo the trial court=s ruling on the sufficiency of the
affidavit. See Johnson v. State, 68 S.W.3d 644, 652B53 (Tex. Crim.
App. 2002); Guzman, 955 S.W.2d at 89.

Probable
Cause








The Fourth Amendment of the United States Constitution and
article I, section 9 of the Texas Constitution guarantee individuals the right
to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Tex.
Const. art. I, _ 9.  In Texas, the affidavit supporting a search
warrant must state probable cause. Zarychta v. State, 44 S.W.3d 155, 165
(Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).

Whether the facts alleged in a probable cause affidavit
sufficiently support a search warrant is determined by examining the totality
of circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983); Ramos
v. State, 934 S.W.2d 358, 362B63 (Tex. Crim.
App. 1996).  The allegations in a probable cause affidavit are sufficient if
they would justify a conclusion that the object of the search is probably on
the premises. Ramos, 934 S.W.2d at 363.  Only the facts found within the
four corners of the affidavit may be considered. Hankins v. State, 132
S.W.3d 380, 388 (Tex. Crim. App. 2004).  However, the magistrate is permitted
to draw reasonable inferences from the facts and circumstances alleged, and the
affidavit must be interpreted in a common sense and realistic manner. Walker,
140 S.W.3d at 765 (citing Lagrone v. State, 742 S.W.2d 659, 661 (Tex.
Crim. App. 1987)).  The magistrate is not required to find proof beyond a
reasonable doubt or by a preponderance of the evidence, but only a probability
that contraband or evidence of the crime will be found in a particular place. Gates,
462 U.S. at 238B39; State v. Anderson, 917 S.W.2d
92, 95 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d) (quoting Johnson
v. State, 803 S.W.2d 272, 288 (Tex. Crim. App. 1990)).

Our after-the-fact scrutiny of the sufficiency of an
affidavit does not take the form of a de novo review; instead, we determine
whether the magistrate had a substantial basis for concluding that a search
would uncover evidence of wrongdoing. Gates, 462 U.S. at 236; Daniels
v. State, 999 S.W.2d 52, 54 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  In conducting this review, we give great deference to
the magistrate=s determination of probable cause. Ramos, 934
S.W.2d at 363; Daniels, 999 S.W.2d at 54.  If in a particular case it
may not be easy to determine when an affidavit demonstrates the existence of
probable cause, the resolution of doubtful or marginal cases in this area
should be largely determined by the preference to be accorded warrants. Walker,
140 S.W.3d at 765 (citing Lopez v. State, 535 S.W.2d 643, 647 (Tex.
Crim. App. 1976)).

Application
of Law to the Facts

Here, the affidavit submitted in support of the search and
arrest warrant detailed a controlled buy of methamphetamine from the place to
be searched, 9850 Pagewood Ln., Townhome #406.  The affiant is an officer with
the Houston Police Department, with approximately seventeen years= experience on the
narcotics task force.  The affidavit stated that the informant was searched for
contraband before the controlled buy took place, and was then given money with
which to purchase methamphetamine from appellant.  The affiant swore that the
informant had given information on several occasions in the past which  proved
to be true and correct, and was therefore credible and reliable, and that, upon
entry into the townhome, the informant handed appellant fifty dollars in
exchange for methamphetamine, which appellant retrieved from the living room
area.  These facts supported the inference that methamphetamine was available
for sale within the place named in the search and arrest warrant. See Ford
v. State, 179 S.W.3d 203, 212 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  Thus, there were facts within the
four corners of the affidavit from which a reasonable person could infer that
the informant had purchased methamphetamine inside the place named in the
search warrant. See id. at 212B13 (citing Sadler
v. State, 905 S.W.2d 21, 22 (Tex. App.CHouston [1st
Dist.] 1995, no pet.) (AThe circumstances of a >controlled buy,= standing alone,
may be sufficient to reasonably confirm an informant=s information and
give probable cause to issue a search warrant.@)).








 Although the affidavit does not indicate that the affiant
observed the informant either enter or leave the townhome, or that he otherwise
maintained constant surveillance of the townhome during the entire time of the
controlled buy, these facts do not necessarily undermine a finding of probable
cause.  This type of observation and/or constant surveillance during a
controlled buy are not absolute prerequisites to a finding that the facts
alleged in a probable cause affidavit sufficiently support a search warrant. See
Robinson v. State, No. 01-99-01446-CR, 2002 WL 595137, at *1, 4 (Tex. App.CHouston [1st
Dist.] Apr. 11, 2002, pet. ref=d) (not designated for publication)
(affirming denial of motion to suppress where the affiant did not observe the
informant approach or leave the motel room where the defendant was selling
crack cocaine); see also Williams v. State, 37 S.W.3d 137, 140B41 (Tex. App.CSan Antonio 2001,
pet. ref=d) (affirming
denial of motion to suppress where affidavit did not indicate that informant
was searched before or kept in view during controlled buy).  Moreover, here the
affiant swore that he maintained Asporadic@ surveillance of
the informant and the townhome during the controlled buy; this was more
surveillance than that described in the affidavits held sufficient by other
courts of this state in Robinson and Williams.  As in those
cases, the fact that the affiant did not maintain constant surveillance of the
informant and the premises to be searched during the entire time of the controlled
buy does not render the circumstances of the controlled buy in this case
insufficient to support a finding of probable cause when considered alone.








Finally, contrary to appellant=s arguments, the
affiant=s general
assertions of the informant=s past reliability are sufficient to
establish the reliability of the informant in this case. See Torres v. State,
552 S.W.2d 821, 823 (Tex. Crim. App. 1977) (A[T]he affiant
received information from a credible and reliable person who had given
information in the past regarding narcotic traffic which has proven to be true
and correct.@); Curtis v. State, 519 S.W.2d 883, 886 (Tex.
Crim. App. 1975) (AI believe my source of information to be
true and correct because my source has given information in the past which has
proven to be true and correct in every instance . . . .@); Jones v.
State, 522 S.W.2d 930, 931B32 (Tex. Crim. App. 1975) (AThe source has
given information in the past on at least five occasions and on each occasion
the information has proved to be true and correct . . . .@); Barnes v.
State, 504 S.W.2d 450, 454 (Tex. Crim. App. 1974) (A[The affiant
believes the informant to be] reliable, credible, and trustworthy as he has
given information on numerous occasions in the past concerning narcotic
offenses committed by individuals in the county and on several occasions the
informant has proven to be reliable, trust [sic], and correct.@); Heredia v.
State, 468 S.W.2d 833, 834 (Tex. Crim. App. 1971) (AInformation was
received . . . from a reliable and credible informer who has furnish[ed]
truthful and reliable information in the past . . . .@); see also
Walker, 140 S.W.3d at 766 (AAn affidavit in support of a warrant to
search for narcotics need not provide more specific details about the informant=s reliability than
to state the informant provided information in the past regarding narcotics
trafficking, which information had proved correct.@).  The affiant
need not expressly state that he has personal knowledge of the informant=s past credibility
to establish the informant=s present credibility. See Torres,
552 S.W.2d at 823B24; Curtis, 519 S.W.2d at 886;
Jones, 522 S.W.2d at 931B32; Barnes, 504 S.W.2d at 454; Heredia,
468 S.W.2d at 834; see also Walker, 140 S.W.3d at 764, 766. 
Furthermore, the Court of Criminal Appeals has stated that a Arealistic and
commonsense interpretation@ of a statement of reliability analogous
to that contained within Officer Wall=s affidavit is Athat the informant
had given prior information to [the officer] who signed the search warrant and
swore to the affidavit.@ Jones, 552 S.W.2d at 932.

Therefore, we conclude that, in their totality, the
allegations made within Officer Wall=s affidavit
support a finding of probable cause to search 9850 Pagewood Ln., Townhome #406,
and arrest any persons in possession of illegal controlled substances at that
address.  We overrule appellant=s sole issue.

Conclusion

Having addressed and overruled appellant=s sole issue on
appeal, we affirm the judgment of the trial court.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Memorandum Opinion filed April 22, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).